**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

DEBORAH WEST, *on behalf of herself and those similarly situated*,

    Plaintiff,

v.

BAM! PIZZA MANAGEMENT, INC.; BRIAN BAILE, DOE CORPORATION 1-10, and JOHN DOE 1-10,

    Defendants.

No. 1:22-cv-00209-DHU-JHR

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Deborah West's ("Plaintiff") Motion for Conditional Certification of FLSA Collective Action (Doc. 7) ("Motion"). Plaintiff claims that Defendants Bam! Pizza Management, Inc., Brian Baile, and certain unnamed corporations and individuals ("Defendants") violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., and the New Mexico Minimum Wage Act ("NMMWA"), N.M. Stat. Ann. § 50-4-21, *et. seq*., by engaging in employment practices that resulted in minimum wage violations. Having considered the motion, the response, the reply, exhibits, and relevant law, the Court **GRANTS** Plaintiff's Motion for Conditional Certification of FLSA Collective Action and the accompanying request for court-authorized notice.

# I.
# BACKGROUND

Plaintiff is a former employee of Defendants who worked at a Domino's Pizza store as a delivery driver in Farmington, New Mexico, from 2019 to 2020 and then from approximately July 2021 through February 2022. Compl., at ¶88 (Doc.1). Plaintiff alleges Defendants denied her and other similarly situated delivery drivers the required minimum wages for all hours worked in violation of the FLSA. *See id*. at ¶¶ 112-122. More specifically, Plaintiff states that Defendants maintained certain policies and practices that resulted in compensation for delivery drivers below the mandatory minimum wage, including, but not limited to:

- paying delivery drivers minimum wage minus a tip credit for the hours they worked inside Domino's stores, which are not related to drivers' tip-producing duties on the road;

- requiring delivery drivers to provide their own cars used for deliveries and their own cell phones to use while on deliveries, but reimbursing them in a manner that has no connection to the actual expenses incurred by the delivery drivers;

- failing to properly calculate tip credits from drivers' wages after accounting for unreimbursed expenses.

*See id*. at ¶¶50-78; Motion at 3.

Plaintiff brings this action on behalf of herself and other similarly situated individuals and seeks to certify her FLSA wage claims as a collective action under 29 U.S.C. § 216(b). Plaintiff proposes the following collective class:

> All current and former delivery drivers employed at Defendants' Domino's stores between the date three years prior to filing of the original complaint and the date of the Court's Order approving notice.

Motion at 1. Plaintiff asserts she is similarly situated to the delivery drivers who compromise the putative FLSA collective class because they were all subject to the same terms of employment and

compensation. *See id.* at 5.  For instance, both Plaintiff and the delivery drivers who compromise the collective class were paid at or very close to the minimum wage minus a tip credit for all hours worked on the road making deliveries and all delivery drivers including Plaintiff were required to drive their own cars for work yet were not reimbursed for their actual expenses or at the IRS standard business mileage rate. *See id.* at 5-6.  Plaintiff provides a sworn declaration in which she avers that a hiring manager for Defendants informed her that all delivery drivers were paid minimum wage minus a tip credit for all hours worked whole on the road making deliveries. *See* Declaration of Deborah West at ¶9 (Doc. 7-1) ("Decl.").  Plaintiff further declares that she observed that other delivery drivers were required to provide their own cars for use at work, that Defendants did not collect records of the expenses she and other delivery drivers incurred, and that she and other delivery drivers were reimbursed according to the same terms. *See id.* at ¶¶ 12-20.

In response to Plaintiff's motion, Defendants do not contest that Plaintiff is similarly situated to the other delivery drivers who would be members of the FLSA collective class for which Plaintiff seeks certification.  *See* Defendant Bam! Pizza Management, Inc.'s and Brian Bailey's Response to Plaintiff's Motion for Conditional Certification of FLSA Collective Action ("Response") (Doc. 32).  Nor do Defendants take issue with the proposed Notice submitted by Plaintiff or the request to set an opt-in period of sixty days from the date the Notice is mailed. *See id.* Instead, Defendants argue that Plaintiff's motion should be denied because there exists an arbitration agreement between Plaintiff and Defendants that governs the claims brought by Plaintiff in this case. *See id.*  Defendants, however, have now withdrawn their motion to compel arbitration, leaving no current points of opposition to Plaintiff's motion for conditional certification.  *See* Unopposed MOTION to Withdraw Motion to Compel Arbitration (Doc. 88).

## II.
## LEGAL STANDARDS FOR CONDITIONAL CERTIFICATION

Under Section 216(b) of the FLSA, employees may maintain a collective action for unpaid minimum wages on their behalf or on behalf of other workers. This section provides that any employer violating the minimum wage section of the statute "shall be liable to the employee or employees affected in the amount of the unpaid minimum wages or their unpaid overtime compensation," and any additional damages. 29 U.S.C. § 216(b). Employees must opt-in to a FLSA collective action by giving consent in writing and filing the consent with the Court. *See id*.

The FLSA further provides that an action on liability "may be maintained in any court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." *Id.* The purpose of a FLSA collective action is to give "plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources," and to benefit the judicial system "by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged ... activity." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

Section 216(b) does not define the term "similarly situated." *Thiessen v. Gen. Elec. Cap. Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001). However, courts in the Tenth Circuit use a two-tier methodology to determine on a case-by-case basis whether members of a class are similarly situated. *See id*. at 1102-05. In the first stage, called the "notice stage," the court determines whether the plaintiffs are similarly situated. *Id*. at 1102 (citation omitted). The court typically makes its decision "based on the allegations in the complaint, which may be supported by sworn statements." *Pogue v. Chisholm Energy Operating, LLC*, No. 2:20-CV-00580-KWR-KK, 2021 WL 5861184, at *2 (D.N.M. Dec. 10, 2021) (citing *Landry v. Swire Oilfield Services, L.L.C.*, 252 F. Supp. 3d 1079, 1114–15 (D.N.M. 2017)). The district court "requires nothing more than

substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Thiessen*, 267 F.3d at 1102. This is a "lenient standard" that "typically results in conditional certification of a representative class." *Felps v. Mewbourne Oil Co., Inc.*, 460 F. Supp. 3d 1232, 1235–36 (D.N.M. 2020) (citation omitted); *see also Medrano v. Flowers Foods, Inc.*, No. CV 16-350 JCH/KK, 2017 WL 3052493, at *2 (D.N.M. July 3, 2017) ("[t]he standard for certifying an FLSA collective action is fairly loose initially, until discovery is completed."). "[T]he court does not weigh evidence, resolve factual disputes, or rule on the merits of the plaintiff's claims" in the notice stage. *Felps*, 460 F. Supp. 3d at 1236. The plaintiff bears the burden of showing that he is similarly situated to other potential class members. *Bustillos v. Bd. of Cty. Comm'rs of Hidalgo Cty.*, 310 F.R.D. 631, 663 (D.N.M. 2015). If the plaintiff has satisfied this burden, the result is "the sending of court-approved written notice to employees ... who in turn become parties to a collective action only by filing written consent with the court." *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 449 (2016) (citation omitted).

Step two occurs after the close of discovery and is often prompted by a defendant's motion for decertification. *See Thiessen*, 267 F.3d at 1102. In this second stage, a court applies a "stricter standard of 'similarly situated.'" *Id.* at 1103. "Once the parties know which individuals will be part of the class, the court may reevaluate the conditional certification to determine whether there is sufficient similarity between the named and opt-in plaintiffs to allow the matter to proceed to trial on a collective basis." *Guarriello v. Asnani*, 517 F. Supp. 3d 1164, 1172 (D.N.M. 2021) (citation and internal quotation marks omitted).

## III.
## DISCUSSION

**A. The Court Conditionally Certifies the Collective Action**

Because this case is at the notice stage, the Plaintiffs "must provide some evidence to establish a colorable basis showing the putative class members are victims of a single decision, policy or plan." *Deakin v. Magellan Health, Inc.*, 328 F.R.D. 427, 433 (D.N.M. 2018) (citation omitted). In making this determination, the District of New Mexico regularly considers "whether potential class members: (i) have the same employer; (ii) are subject to the same employer practices; (iii) suffer the same method of calculation of wages owed; and (iv) allege FLSA violations based on the same conduct[.]" *Id*; *Guarriello*, 517 F. Supp. 3d at 1173; *Bustillos*, 310 F.R.D at 664; *Pogue*, 2021 WL 5861184, at *2.

The Court concludes that Plaintiffs' complaint, motion for certification, and supporting exhibits meet the requirements for the first stage of collective action certification because they contain sufficient allegations that Plaintiffs and other putative class members were subject to the same employment policies and terms that allegedly resulted in minimum wage violations. By Plaintiffs' account, the putative collective members are similarly situated for purposes of the FLSA in that they each:

1) were employed by Defendants;

2) were delivery drivers for Defendants;

3) were subjected to the same policies and procedures promulgated by Defendants;

4) were paid a tipped minimum wage while making delivers for Defendants;

5) were required to provide their own cars to use at work;

6) were subject to the practice of Defendants to not keep track of delivery drivers' actual automobile-related expenses; and

6

7) were not reimbursed for actual expenses or at the IRS standard business mileage rate; Motion at 3; Decl. at ¶¶ 6-9, 10-17.

These allegations are sufficient to meet the first-tier requirement for conditional class certification which requires "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Thiessen*, 267 F.3d at 1102.

**B. The Court Approves the Proposed Notice**

Having determined that Plaintiffs have carried their burden of proof to demonstrate that workers are similarly situated for FLSA purposes, the Court must next review the FLSA notice proposed by Plaintiffs, weigh any objections propounded by Defendants, and approve a final form of notice. Prospective class members must receive "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffmann-La Roche*, 493 U.S. at 170. District courts have discretion to approve the content of FLSA notices. *Id.* "[T]he Court has the power and duty to ensure that the notice is fair and accurate, but it should not alter plaintiff's proposed notice unless such alteration is necessary." *Landry*, 252 F. Supp. 3d at 1128 (citation omitted). "In exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality. To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action." *Hoffmann-La Roche*, 493 U.S. at 174.

The Court has reviewed the proposed notice, the proposed consent form, and the proposed email to putative class members submitted by Plaintiff. (Docs. 7-1, 7-2 and 7-3). The Court has also considered the Plaintiff's request to set an opt-in period of sixty (60) days from the date the Notice goes out by mail, *see* Motion at 8, and Plaintiff's request to allow her to seek permission at

a later stage in the case to send notice to any newly-hired employees who are subject to the challenged policies. *See id*. at 9. There being no objections to the proposed notice by Defendants, or any of the requests made by Plaintiffs in her motion regarding the opt-in period or methods of providing notice to putative collective class members, the Court will grant Plaintiff's requests in their entirety.

## CONCLUSION

Based on the foregoing, the Court hereby **ORDERS**:

1. Plaintiffs' Motion for Conditional Certification of FLSA Collective Action (Doc. 7) is GRANTED.

2. The following class (the "FLSA Collective Class") is conditionally certified:

> **All current and former delivery drivers employed at Defendants' Domino's stores between the date three years prior to filing of the original complaint and the date of the Court's Order approving notice.**

3. The Court permits Plaintiffs to provide the proposed notice and consent forms to potential collective class members.

4. Within fourteen (14) days of the issuance of this Memorandum Opinion and Order, Defendants shall produce to Plaintiffs in a useable electronic format the names, current or last known addresses, known email address (non-company address if applicable), phone numbers, and known dates of employment of potential class members.

5. Plaintiffs will be allowed to send the notice and consent forms by first-class U.S. Mail, email, and text message to all members of the FLSA Collective Class. Potential class members shall have sixty (60) days from the mailing of the notice and consent forms to return their signed consent forms to Plaintiffs' counsel for filing with the Court.

6. The Court will allow Plaintiff to seek permission at a later stage in the case to send notice to any newly-hired employees who are subject to the challenged policies.

**IT IS SO ORDERED.**

_____
HON. DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE