## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW MEXICO

DEBORAH WEST, *on behalf of herself*
*and those similarly situated,*

    Plaintiff,

v.                                                                            No. 1:22-cv-00209-DHU-JHR

BAM! PIZZA MANAGEMENT, INC., ET AL.,

    Defendants.

## MEMORANDUM OPINION AND ORDER DISMISSING OPT-IN PLAINTIFFS WITHOUT PREJUDICE

This matter is before the Court on Defendants Motion to Compel Arbitration of Opt-in Plaintiffs' Claims (Doc. 95) and Plaintiff's Response in Non-Opposition to Defendants' Motion to Compel Arbitration (Doc. 101). Having carefully considered the motion, the parties' arguments, and the relevant law, the Court concludes that the motion will **GRANTED in part** and **DENIED in part**.

Plaintiff alleges that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, the New Mexico Minimum Wage Act, N.M. Stat. Ann. § 50-4-22, and that Defendants were unjustly enriched by failing to compensate Domino's Pizza delivery drivers for minimum wages by not reimbursing drivers for delivery-related expenses.

After the filing of the complaint, four individuals – Hattie Wotherspoon, Mark Bussanma, Joshua Collins, and Bryce Suggs ("the Opt-in Plaintiffs") – opted into this action. On January 11, 2023, Defendants filed the instant motion to compel individual arbitration of the

Opt-In Plaintiffs claims under the Federal Arbitration Act, 9 U.S.C. §§ 1-16. According to Defendants, the Opt-in Plaintiffs waived their right to participate in a collective action by signing valid and enforceable arbitration agreements and, as such, the Opt-in Plaintiffs' claims should be dismissed "with prejudice." Doc. 95.

Plaintiff responded that she agrees to with dismissing the Opt-in Plaintiffs claims, but that the dismissal should be *without* prejudice. According to Plaintiff, "since the Court has not ruled on the merits of the opt-in Plaintiffs' claims, and because the opt-in Plaintiffs intend to proceed with their claims in arbitration, a dismissal with prejudice would not be appropriate." Doc. 101 at 2.

The Court agrees with Plaintiff. First, Defendants cited no legal authority that dismissal with prejudice is required or necessary when a claimant pursues individualized arbitration. Second, given that the Court has not adjudicated the merits of the Opt-in Plaintiffs claims, it would be inappropriate at this stage to dismiss the Opt-in Plaintiffs claims with prejudice.

**IT IS THEREFORE ORDERED that** Defendants Motion to Compel Arbitration of Opt-in Plaintiffs' Claims **(Doc. 95)** is **GRANTED in part** and **DENIED in part**. The claims of Opt-in Plaintiffs Hattie Wotherspoon, Mark Bussanma, Joshua Collins, and Bryce Suggs are dismissed **without prejudice**.

**IT IS SO ORDERED**.

_____
HON. DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE