IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DEBORAH WEST,**

    **Plaintiff,**

**v.**                                                                                                               **1:22-CV-00209-DHU-JMR**

**BAM! PIZZA MANAGEMENT ET AL.,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff's opposed corrected motion for leave to file their first amended complaint (**Doc. 162**). For the reasons set forth below, the Court now grants their request.

### Facts and Procedural Background

Named Plaintiff Deborah West, on behalf of herself and similarly situated individuals, brought an action against Bam! Pizza Management, Inc., Brian Bailey, and numerous John Does, for failure to compensate Plaintiffs with minimum wage as required by the Fair Labor Standards Act ("FLSA") and the New Mexico Minimum Wage Act ("NMMWA"). Pl.'s Compl. at ¶ 1. Plaintiffs filed their complaint on March 21, 2022. This Court certified a conditional FLSA class on January 20, 2023. *See* Memorandum Opinion and Order, Doc. 99. Plaintiff now seeks to amend their complaint to add "opt-in Plaintiff Joseph Belka as a named Plaintiff and representative of putative Rule 23 classes in his respective state, and opt-in Plaintiff Lynne Balderson as a named Plaintiff and representative of putative Rule 23 classes in her respective state. The First Amended Complaint also adds Colorado state law claims and class allegations on behalf of drivers who worked for Defendants in Colorado, state law claims and class allegations on behalf of drivers who worked for Defendants in Texas, as well as factual allegations based on information gathered."

1

Pl.'s Mot. at 3, Doc. 162. Defendants oppose this request, arguing primarily that these amendments would be futile. Briefing was completed for this motion on August 22, 2023.

## Legal Standards

The rules governing amended complaints are fairly permissive: Courts "should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15 (a). The goal of this rule is to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc-Forsythe Corp.,* 691 F.2d 449, 456 (10th Cir. 1982). Courts should refuse to grant leave to amend "on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dept. of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (internal citations omitted). To grant or deny a request to amend a complaint is within the discretion of the trial court. *Foman v. Davis,* 371 U.S. 178, 182 (1962).

## Discussion

Plaintiffs' request to amend their complaint to add opt in Plaintiffs who joined the case during the appropriate 60-day opt-in period. Pl.'s Mot. at 5, Doc. 162. These Plaintiffs are seeking to assert claims, as named Plaintiffs, under Colorado and Texas state law that Plaintiff West does not have standing to assert. *Id.* Plaintiffs also argue that there will not be any prejudice to Defendants or undue delay to the proceedings because no scheduling order has been filed and discovery has not begun. *Id.*

Defendants argue that the amendments are futile because they would not survive a motion to dismiss. Def.'s Resp. at 3, Doc. 166. To survive a motion to dismiss, a complaint must contain sufficient factual matter, as accepted as true, to state a claim to relief that is plausible on its face.

2

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Regarding futility, Defendants make three arguments (1) Mr. Belka has not stated a claim under the CMWA, CWCA or wage order; (2) Mr. Belka's claims are preempted; and (3) Mr. Belka's claims are time barred. Each will be discussed in turn.

(1) *Failure to State a Claim Under Colorado Law*

Beginning with the first Defense argument, Defendants claim that there is no Colorado law or regulation which requires an employer to reimburse employees for expenses incurred in performing their job.[1] Mr. Belka has admitted to being paid minimum wage for his hours, and the CMWA does not explicitly address reimbursement. Regarding the CWCA, Defendants cite an order denying class certification from a Colorado district court in which that court found that the CWCA does not require defendants to be reimbursed for vehicle expenses. *See Kyle Pearson v. NoCo Pizza, Inc. and Lamont Muchmore,* Case No. 2020CV30725, Order Denying Class Certification (Colo. District Court, Larimer County, Mar. 10, 2023). Defendants also argue that Plaintiffs have failed to include specific allegations that Mr. Belka and other similarly situated Plaintiffs were denied meal and rest breaks.

Plaintiffs argue that Defendants have misrepresented Colorado law. They cite to multiple district court cases which found these reimbursement claims were viable. Additionally, the Colorado Department of Labor and Employment ("CDLE") directly addresses expense reimbursement in formal, publicly available guidance. Plaintiffs also argue that under Colorado law employees have a right to lunch breaks and rest breaks. Mr. Belka specifically alleges that Defendants did not allow drivers to take uninterrupted and duty-free unpaid meal breaks or 10-minute rest breaks.[2] Moreover, he alleges that delivery drivers were tasked to continually perform

---

[1] Plaintiffs in this case are asserting that pizza delivery drivers were not reimbursed for the costs of operating their delivery vehicle.

[2] These terms used in the pleading are consistent with the terms used in the applicable state statute. *See* 7 Colo. Code Regs. § 1103-1.

"inside tasks," rather than being allowed breaks, when they were not on delivery duty. *See* Prop. Am. Compl. ¶ 176, ¶ 180; Doc. 162-1.

The Court finds these new Colorado law claims viable, not futile. Courts have found that there is "no legal difference between deducting a cost directly from a worker's wages and shifting a cost, which they could not deduct, for the employee to bear." *Arriaga v. Florida Pacific Farms, LLC,* 305 F.3d 1228, 1236 (11th Cir. 2002). This shifting of cost is considered a "de facto deduction." *De Luna-Guerrero v. N. Carolina Grower's Ass'n, Inc.,* 338 F. Supp.2d 649, 656 (E.D.N.C 2004). The CDLE, under a section titled "Requiring Employees to Incur Business Expenses," adopts the *Arriaga* holding and requires reimbursement or increased wages of business expenses if those expenses are

(1) Primarily for the employer's benefit or convenience;
(2) The employer does not reimburse the employee; and
(3) The lack of reimbursement would drive wages below the applicable minimum wage or overtime wage.

Interpretive Notice & Formal Opinions ("INFOs") # 16, at 4. Plaintiffs are arguing that these three factors apply to them. The CDLE also adopts the District of Colorado's interpretation of the CMWA that "under-reimbursing work expenses may violate Colorado minimum wage law." *Id.* (quoting *Koral v. Inflated Dough, Inc.,* 2014 WL 4904400, at *4, 2014 U.S. Dist. LEXIS 137202, at *12 (D. Colo. Sept. 29, 2014)). Moreover, the District of Colorado has adjudicated other pizza delivery cases where under-reimbursement claims were found to be cognizable under the CMWA. *See Bass v. PJCOMN Acq. Corp.,* 2011 U.S. Dist. LEXIS 58352, at 2* (D. Colo. June 1, 2011) (district court certified a Rule 23 class action for under-reimbursement claims made under the CMWA); *Darrow v. WKRP Mgmt., LLC,* 2011 U.S. Dist. LEXIS 59388 , at *1-2 (D. Colo. June 3, 2011) (court held that Plaintiff stated a cause of action under FLSA and CMWA on allegations of unreimbursed vehicle costs that reduced wages below minimum wage); (*Koral,* 2014 WL

4904400, at *12) (under-reimbursement allegation supported federal and Colorado minimum wage violation claims). While it is true that one district court found that these are non-cognizable claims, that case is clearly in the minority and contradictory to the formal guidance provided by the CDLE. Therefore, the Court will find that the under-reimbursement claims are viable at this stage. The Court also finds that at this point in the legal proceedings Plaintiff has sufficiently pled that Defendants did not comply with state meal and rest break requirements.

(2) *Preemption*

Defendants argue that Mr. Belka and Ms. Balderson's unjust enrichment claims are preempted by FLSA because they are wholly duplicative of the FLSA claims. Defendants are alleging that this is conflict preemption, which is one of three types of federal preemption. *See Aldridge v. Mississippi Dep't of Corr.,* 990 F.3d 868, 874 (5th Cir. 2021). For conflict preemption to be present there must be "(1) compliance with both state and federal law is impossible, or (2) state law stands as an obstacle to the accomplishment and execution of the purposes and objectives of Congress." *Id.* at 875 (internal citations omitted). Using this Fifth Circuit case, Defendants argue that state law claims are preempted by FLSA because all of the employees' claims are related to unpaid minimum wages and overtime compensation. *Id.* at 876. Moreover, when "the purposes of [FLSA and state law] overlap with each other…the federal law must control." *Id.* at 875. Defendants argue that Mr. Belka fails to allege any independent basis for his unjust enrichment claim under Colorado law and instead simply adds the word "unjust" to his FLSA claim.

Plaintiffs argue that there is no preemption. Several courts examining very similar claims have recognized that unjust enrichment claims are not duplicative of FLSA claims. *See Clark v. Pizza Baker, Inc.,* 2020 U.S. Dist. LEXIS 178297 at *12-13 (S.D. Ohio Sept. 28, 2020); *Branning v. Romeo's Pizza,* 2020 U.S. Dist. LEXIS 108358. Plaintiffs argue that FLSA preempts other

5

claims "only to the extent they seek a remedy that is *explicitly covered* by the FLSA, that is, claims seeking damages for wage and hour violations." *Torres v. Vitale*, 954 F.3d 866, 876 (6th Cir. 2020) (emphasis added); *see also*, e.g., *Osby v. Citigroup, Inc.*, No. 07- cv-06085-NKL, 2008 U.S. Dist. LEXIS 39041, *2 (W.D. Mo. May 14, 2008). *See also Cruz v. MJI Hosp., Inc.*, No. 14-cv-1128 (SRN/FLN), 2015 U.S. Dist. LEXIS 140139, at *36 (D. Minn. Oct. 14, 2015). According to Plaintiffs, Defendants are arguing that the unjust enrichment claims "actually conflict" with FLSA and that this is an incorrect reading of the law. Rather "unjust enrichment is not an obstacle to the FLSA scheme and []is therefore not in conflict with the statute." *Carter v. PJS of Parma, Inc*., No. 1:15 CV 1545, 2016 U.S. Dist. LEXIS 45341, at *14-15 (N.D. Ohio Apr. 4, 2016).

Plaintiffs cite numerous cases from district courts in the Tenth Circuit, in which courts found that unjust enrichment claims under state law may be brought along with claims under FLSA. *See Phillips v. Carpet Direct Corp*., 2017 U.S. Dist. LEXIS 4828 at *26 (citing *Bd. Of Cty. Comm'rs of La Plata Cty. v. Brown Grp. Retail, Inc*., 598 F. Supp 2d 1185, 1192 (D. Colo. 2009)) ("it is well-established that a plaintiff may seek alternative theories of recovery, even when only one of those theories could actually bear fruit at trial."); *see also Charbonneau v. Mortg. Lenders of Am., LLC*, 2018 U.S. Dist. LEXIS 206023, *5 (D. Kan 2018). Courts in other circuits have held similarly. *See Carter*, 2016 WL 1316354, at *5; *Monahan v. Smyth Automotive, Inc*., No. 1:10-cv-0048, 2011 U.S. Dist. LEXIS 9877, 2011 WL 379129, at *5 (S.D. Ohio Feb. 2, 2011); *Waters v. Pizza to You*, LLC, 2021 U.S. Dist. LEXIS 11743 (S.D. Ohio Jan. 22, 2021) (certifying pizza delivery drivers' unjust enrichment claims as a class action under Fed. R. Civ. P. 23); *Branning v. Romero's Pizza, Inc*., 594 F. Supp. 3d 927 (N.D. Ohio Mar. 29, 2022).

Given that Plaintiffs are providing case law from courts within the Tenth Circuit which have found there is no preemption regarding unjust enrichment and FLSA,[3] the Court is confident at this point that Defendants have not met their burden of proving that this amendment will be futile. This issue of course can be further briefed by the parties on an actual motion to dismiss or summary judgement motion, but the mere possibility of preemption is not enough for this Court to block Plaintiffs from amending the complaint.[4]

(3) *Statute of Limitations*

Defendants argue that these new claims are time barred. The statute of limitations under the CWCA is two years, unless the violation was willful, in which case it is three years. C.R.S. § 8-4-122. The statute of limitations for unjust enrichment claim is three years. *Sterenbuch v. Goss,* 266 P.3d 428, 437 (Colo. App. 2011). There is no explicit statute of limitations under the CMWA nor the Wage Order. Defendants ask the court to apply the CWCA and FLSA two-to-three-year statute of limitations because unpaid wage claims are "the type[s] of claim[s] the [C]WCA is designed to address." *Schroetlin v. Alpine Disposal Inc*., 2020CV31813, Order: Motion for Determinations of Questions of Law, pp. 1-2 (Denver Dist. Ct. Jan. 29, 2021).

Plaintiffs argue that their claims are not time bared because the amendment relates back to the date of the original pleading as it arises out of the same conduct, transaction, or occurrence. Fed. R. Civ. P. 15(b). Mr. Belka's Colorado's wage claims arise from the same conduct of the Defendants, i.e., the requirement that drivers provide cars to use without being adequately reimbursed. Additionally, Defendants' statute of limitations argument is an affirmative defense. At the pleading stage of litigation, a plaintiff need not anticipate affirmative defenses in their

---

[3] The Court notes that Plaintiffs alone provide case law from within the Tenth Circuit.
[4] The final argument made by Defendants in their response is that just like Mr. Belka, Ms. Balderson's unjust enrichment claims under Texas law are preempted by FLSA. For the same reasons as discussed in this section, the Court rejects the Defense's Balderson preemption arguments.

complaint. *See Fernandez v. Clean House, LLC,* 883 F.3d 1296, 1298 (10th Cir. 2018); *see also* Fed. R. Civ. P. 8(c).

Consistent with the holding in *Fernandez,* the Court finds that it is premature to make any rulings regarding statutes of limitations in this case. In order to plead properly, a plaintiff does not need to provide their defense to an affirmative defense. Defendant is placing the cart before the horse by arguing that Plaintiffs should be barred from amending their complaint because Defendants could be successful on a motion to dismiss with regards to their affirmative defense. It is also true that Plaintiffs could very-well be successful in surviving a motion to dismiss by invoking the related back doctrine. Therefore, Defendants have not demonstrated to the Court that this amendment would be futile.[5]

## Conclusion

For the above reasons, the Court will **GRANT** Plaintiff's request to amend their complaint (**Doc. 162**) as outlined in their proposed amended complaint.

**IT IS SO ORDERED.**

_____
HON. DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

---

[5] Defendant and Plaintiff provide more arguments and case law urging this Court to apply either the shorter or longer statute of limitations. Given the Court's ruling on this matter, it did not feel it necessary to discuss all of this case law. It would be inappropriate to conduct a motion to dismiss analysis when evaluating whether a complaint should be amended. Should Defendants bring it up as an affirmative defense at the appropriate time, the parties will have the opportunity to fully brief it.