**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DEBORAH WEST, JOSEPH BELKA, AND
LYNNE BALDERSON, *on behalf of themselves*
*and those similarly situated*,

       Plaintiffs,

v.                                Case No. 1:22-cv-00209-SMD-JMR

BAM! PIZZA MANAGEMENT, INC.; BRIAN
BAILEY; DOE CORPORATION 1-10; AND
JOHN DOE 1-10,

       Defendants.

### **MEMORANDUM OPINION AND ORDER**

       This matter comes before the Court on Plaintiffs' opposed motion for an extension of time to file a substitution of party for named Plaintiff Lynne Balderson, pursuant to Federal Rule of Civil Procedure 25, in conjunction with Fed. R. Civ. P. 6 (Doc. 245).  For the reasons set forth below, the Court denies Plaintiffs' motion.

### **Relevant Procedural History and Background**

       Named Plaintiff Deborah West, on behalf of herself and similarly situated individuals, filed a complaint on March 21, 2022, against Bam! Pizza Management, Inc., Brian Bailey, and numerous John Does, for failure to compensate plaintiffs with minimum wage as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et. seq., and the New Mexico Minimum Wage Act ("NMMWA"), N.M.S.A. §§ 50-4-20 et. seq.  (Doc. 1 at ¶ 1).  The Hon. David H. Urias certified a conditional FLSA class on January 20, 2023 (Doc. 99).

       Plaintiff West moved for leave to amend her complaint on June 29, 2023, to add, *inter alia*, the named Plaintiff Lynne Balderson, a Texas resident, and Texas state law claims (Doc. 156).  Plaintiff West filed a corrected motion for leave to amend her complaint on July 11, 2023

(Doc. 162).  Defendants filed an opposition to Plaintiff's motion on July 25, 2023 (Doc. 166).

On August 17, 2023, Lynne Balderson died, according to all parties (Docs. 229, 245).

Plaintiff West replied to Defendants' opposition to Plaintiff's motion to amend her complaint on August 22, 2023 (Doc. 179), and noticed the completion of briefing on September 19, 2023, pursuant to D.N.M.L.R.-Civ. 7.4(e) (Doc. 190).

On February 20, 2024, the Hon. David H. Urias issued a Memorandum Opinion and Order granting Plaintiff West's motion to amend her complaint (Doc. 207).  On February 26, 2024, Plaintiffs filed an amended complaint adding, *inter alia*, the named Plaintiff Lynne Balderson and Texas state law claims (Doc. 208, *see*, *e.g.*, ¶¶ 2, 8, 12, 21-23, 26, 36, 131-53, 237-54, 300-04).

On October 11, 2024, Defendants filed a Suggestion of Death under Fed. R. Civ. P. 25 asserting that Plaintiff Balderson died on August 17, 2023 (Doc. 229).

On January 6, 2025, Plaintiffs filed the instant motion for a 180-day extension of time to file a substitution of party for Plaintiff Balderson, pursuant to Fed. R. Civ. P. 25, in conjunction with Fed. R. Civ. P. 6 (Doc. 245).[1]  On January 21, 2025, Defendants filed a response opposing the motion (Doc. 252).  Plaintiffs replied on January 30, 2025 (Doc. 255).

### Discussion

Fed. R. Civ. P. 25(a)(1) provides:

> (1) *Substitution if the Claim Is Not Extinguished.* If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

---

[1] On January 17, 2025, this case was reassigned to the undersigned District Judge (Doc. 251).

However, "Fed. R. Civ. P. 25(a) is without application in these circumstances, as 'Rule 25 contemplates substitution for someone who had been made a party before his death'." *Devolk v. Bd. of Regents of Univ. of New Mexico*, No. 01-cv-774, 2002 WL 35650041, at *1 (D.N.M. Mar. 7, 2002), *quoting Mizukami v. Buras*, 419 F.2d 1319, 1320 (5th Cir. 1969) (per curiam) *and citing* 6 Moore's Federal Practice, § 25.10[1] ("Rule 25(a) does not apply if the person to be substituted died prior to the service or filing of the complaint."). "[C]ourts have held, as a rule, that the substitution of parties cannot be ordered under Rule 25(a)(1) where the person for whom substitution is sought died prior to being named a party." *Almeida v. Roberts*, No. 15-cv-3319, 2016 U.S. Dist. LEXIS 9792, at *6 (N.D. Cal. Jan. 26, 2016) (collecting cases); *see also, e.g.*, *Adelsberger v. United States*, 58 Fed. Cl. 616, 618-19 (Fed. Cl. 2003), *citing, e.g.*, 7C Wright, Miller & Kane, Federal Practice and Procedure Civil 3d § 1951 (Rule 25 "presupposes that substitution is for someone who was a party to a pending action. Substitution is not possible if one who was named as a party in fact died before the commencement of the action.").

In this case, Lynne Balderson died on August 17, 2023, more than six months before Plaintiffs' counsel filed an amended complaint including her as a named plaintiff. A motion by Plaintiffs to file a substitution of party under Fed. R. Civ. P. 25(a)(1) would be misplaced, as is Plaintiffs' motion to extend the 90-day deadline to file such a motion.[2] *See Devolk*, 2002 WL 35650041, at *1-2 (denying motion under Fed. R. Civ. P. 25 to substitute party where defendant died before he was named in an amended complaint).

The Tenth Circuit has not ruled on the application of Fed. R. Civ. P. 25 to this situation, where a named plaintiff died before her counsel amended the complaint to assert her claims.

---

[2] Defendants and Plaintiffs argue whether "good cause" exists to extend the 90-day deadline (Doc. 252, at 2-3; Doc. 255, at 2-3, 4-6). Because Rule 25 does not apply here, it is unnecessary to consider whether good cause exists to extend the Rule 25 deadline.

However, this Circuit has distinguished an attempt to substitute heirs of a plaintiff in a wrongful death suit, under Rule 17, from an attempt to substitute a plaintiff under Rule 25 in a non-wrongful death suit where the plaintiff had died before the action was brought. *See Esposito v. United States*, 368 F.3d 1271, 1277 (10th Cir. 2004), *citing Banakus v. United Aircraft Corp.*, 290 F. Supp. 259, 259-60 (S.D.N.Y. 1968) (denying Rule 25 motion to substitute because, *inter alia*, "[a]n action cannot be brought by a deceased.").[3] The rationale of *Esposito* is consistent with the decisions of other federal courts. *See, e.g. Adelsberger v. United States*, 58 Fed. Cl. at 618 (rejecting that "an action can be initiated in the name of a deceased person," *citing*, *e.g.*, *Pasos v. Eastern S.S. Co.*, 9 F.R.D. 279 (D. Del. 1949), a Rule 25 case, for the proposition that a "person who dies prior to filing suit is not a legal entity.").

Plaintiffs argue that the 90-day deadline to file a motion to substitute has not yet begun to run, because Defendants did not serve the Suggestion of Death on the deceased's successors or representatives under Fed. R. Civ. P. 25(a)(3) and 4 (Doc. 255 at 1-2).[4] *See Yaple v. Jakel Trucking LLC*, No. 21-cv-2045, 2023 WL 11978241, at *1 (D. Kan. Feb. 24, 2023); *Grandbouche v. Lovell*, 913 F.2d 835, 837 (10th Cir. 1990) ("the service required by Rule 25(a)(1) on nonparties, specifically the successors or representatives of the deceased party's estate, must be service pursuant to Fed. R. Civ. P. 4"). Concurrently, Plaintiffs argue that an extension of time is warranted for the Texas state court probate process to conclude (Doc. 255 at 3-4). Plaintiffs' argument that Defendants' service of the Suggestion of Death did not comply

---

[3] *Esposito* also cited *Mizukami v. Buras*, 419 F.2d 1319, to distinguish Rule 25 from the context of an attempt to substitute heirs of a plaintiff in a wrongful death suit under Rule 17. *See Esposito v. United States*, 368 F.3d at 1277.

[4] Rule 25(a)(3) provides, "(3) Service. A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district."

with Rule 25 is well-taken, but ultimately inapposite because Rule 25 does not apply here. *See Devolk v. Bd. of Regents of Univ. of New Mexico*, 2002 WL 35650041, *1-2, *citing Grandbouche v. Lovell*, 913 F.2d at 837.

Lastly, Plaintiffs assert a future intention to add, at the time of their Rule 25 motion, an additional named plaintiff unrelated to Lynne Balderson for their Texas state law claims (Doc. 245, at 2), which Defendants oppose (Doc. 252, at 4). As set forth above, if Plaintiffs seek to add such an additional named plaintiff, a motion to do so under Rule 25 would not be well-taken.

## <u>Conclusion</u>

For the above reasons, Plaintiffs' motion for an extension of time to file a substitution of party for Plaintiff Lynne Balderson is DENIED.

_____
**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**