IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
ROSWELL DIVISION

| | |
|---|---|
| Deborah West, Joseph Belka, and Lynne Balderson<br><br>*On behalf of themselves and those similarly situated*,<br><br>Plaintiff,<br>v.<br><br>Bam! Pizza Management, Inc.; Brian Bailey; Doe Corporation 1-10; John Doe 1-10;<br><br>Defendants. | Case No. 1:22-cv-00209-SMD-JMR<br><br>Class Action |

## Plaintiffs' Motion to Send Additional Notice of FLSA Collective Action

Pursuant to 29 U.S.C. § 216(b), Plaintiffs hereby move this Court for an Order approving them to send notice and consent forms to all members of the FLSA Collective Class that were not included in the original collective list but are eligible to join the conditionally certified class as contemplated in the Court's Order granting FLSA Conditional Certification. *See* Order, Doc. 99 ("The Court will allow Plaintiff to seek permission at a later stage in the case to send notice to any newly-hired employees who are subject to the challenged policies."). Specifically, Plaintiffs request permission to send notice of the pendency of this action to the following employees:

> All current and former delivery drivers employed at Defendants' Domino's stores between the date of the Defendants' production of the Collective list to the present.

The arguments in support of Plaintiffs' Motion are more fully set forth in the attached memorandum. Plaintiffs' counsel sought to confer with Defendants' counsel pursuant to

D.N.M.LR-Civ 7.1(a) but have not yet received confirmation of the Defendants' position. Accordingly, Plaintiffs file this Motion as opposed.

                                                Respectfully submitted,

                                                */s/ Emily Hubbard*
                                                Andrew R. Biller (*associated*)
                                                Andrew P. Kimble (*associated*)
                                                Emily A. Hubbard (*associated*)
                                                Biller & Kimble, LLC
                                                8044 Montgomery Road, Suite 515
                                                Cincinnati, OH 45236
                                                Telephone: (513) 202-0710
                                                Facsimile: (614) 340-4620
                                                *abiller@billerkimble.com*
                                                *akimble@billerkimble.com*
                                                *ehubbard@billerkimble.com*

                                                Christopher Moody (Bar # 1850)
                                                Moody & Stanford, P.C.
                                                4169 Montgomery Blvd., NE
                                                Albuquerque, NM 87109
                                                505-944-0033 (Phone)
                                                505-944-0034 (Fax)
                                                *moody@nmlaborlaw.com*

                                                *Counsel for Plaintiff and the putative class*

Memorandum in Support of
Plaintiffs' Motion to Send Additional Notice of FLSA Collective Action

**1. Introduction**

This is a wage and hour lawsuit filed on behalf of pizza delivery drivers who work at Defendants' Domino's Pizza franchise stores. Plaintiffs allege that Defendants' pizza delivery drivers are all employed according to the same terms and that those terms result in a violation of the Fair Labor Standards Act.

At the outset of this case, Plaintiff sought the Court's authorization to send notice of this FLSA collective action to delivery drivers at Defendants' Domino's Pizza stores. Doc. 7. The Court granted the Motion. Doc. 99. In its Order conditionally certifying the collective class, the Court allowed Plaintiffs to seek permission at a later stage in this case to send notice to any newly-hired employees who are subject to the challenged policies.

Plaintiffs respectfully request the Court permit them to send a second round of notice to newly-hired employees who are subject to the challenged policies as contemplated by the Court's Order granting FLSA Conditional Certification. Doc. 99. As with the first round of notice, Plaintiffs propose that the previously-approved Notice (Docs. 7-2 and 7-3) be sent via First Class Mail and electronic mail and that the putative opt in plaintiffs be allowed 60 days from the date the notice is sent to return their consent to join forms. Doc. 99 at 8.

Plaintiffs propose that Defendants, to the extent they have the information in their possession, produce a computer-readable list of the names, last known addresses, telephone numbers, email addresses, dates of employment and job title for all persons employed as delivery

1

drivers between the date of the Court's original Order approving notice to the present, within fourteen days of the Court's Order granting this Motion.

## 2. Background

This is a wage and hour lawsuit filed on behalf of pizza delivery drivers who work or worked at Defendants' Domino's Pizza franchise store. Plaintiff Deborah West filed this lawsuit on March 21, 2022. Doc. 1. On January 20, 2023, the Court granted conditional certification of an FLSA collective action. *See* Doc. 99. Defendants produced the collective list on February 17, 2023. Doc. 120. To date, 1,512 individuals have opted-in to the lawsuit by filing a Consent to Join form.

As detailed in Plaintiff's initial Motion for Conditional Certification of FLSA Collective Action ("initial Motion"), Plaintiff alleged that the Defendants maintain a pay practice of shifting business expenses to their minimum wage workers by requiring their delivery drivers to provide safe, functioning, insured cars to use at work and by not reimbursing the drivers appropriately. Doc. 7 at p.1. In her initial Motion, Plaintiff asserted that she is similarly situated to the delivery drivers who comprise the putative FLSA collective action because they were all subject to the same terms of employment. *Id.* at p.5. In response to Plaintiff's initial Motion, Defendants did not contest that Plaintiff is similarly situated to the other delivery drivers who would be members of the FLSA collective action. *See* Defendants' Response to Plaintiff's initial Motion, Doc. 32; *see also* Order granting conditional certification, 3 (Doc. 99).

Since the Court's Order granting FLSA Conditional Certification, the challenged policies related to hourly wages and business expense reimbursement have not changed. As numerous opt-in plaintiffs who have remained employed by Defendants since February 2023 attest in sworn declarations, the Defendants continue to require their delivery drivers to provide a vehicle for

Defendants business, do not collect records of the actual expenses incurred, pay the drivers at or close to the minimum wage for hours the employee works as a delivery driver on the road (or a tipped minimum wage where permitted), and reimburse all drivers at a location the same per-mile reimbursement rate regardless of the driver's vehicle or actual expenses incurred. *See* Ex. 1, Declaration of Jose Cordova at ¶ 8; Ex. 2, Declaration of Luis Elizalde at ¶ 7; Ex. 3, Declaration of Timothy Longway at ¶ 6; Ex. 4, Declaration of Fredrick Norman at ¶ 6; Ex. 5, Declaration of Andrew Penner at ¶ 7; Ex. 6, Declaration of Robert Brown at ¶ 6; Ex. 7, Declaration of Josiah West at ¶ 6; Ex. 8, Declaration of Lavonda Williams at ¶ 6. As such, there are additional similarly situated employees who are subject to the challenged policies but who should receive notice of the opportunity to join the lawsuit.

### 3. Law & Argument

Section 216(b) of the FLSA empowers Plaintiff to maintain an action for unpaid wages on behalf of himself and similarly situated employees:

> An action to recover the liability prescribed [under the FLSA] may be maintained against one employer in any Federal or State court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to [a class] action unless he gives consent in writing to become such a party and such consent is filed in the court in which the action is brought.

29 U.S.C. § 216(b).

Before a similarly situated employee may become a party plaintiff to this lawsuit for purposes of their FLSA claims, he or she must file a written consent with the Court. *Id.* This distinct "opt-in" structure heightens the need for employees to "receiv[e] accurate and timely notice concerning the pendency of the collective action." *Hoffman La-Roche Inc. v. Sperling*, 493

U.S. 165, 170 (1989). The statute therefore vests district courts with "discretion to implement 29 U.S.C. § 216(b)…by facilitating the notice to potential plaintiffs." *Id.* at 169.

Section 216(b) does not define the term "similarly situated." *Thiessen v. Gen. Elec. Cap. Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001). Courts in the Tenth Circuit use a two-tier methodology to determine on a case-by-case basis whether the members of a class are similarly situated. *Id.* at 1102-05. During the first stage, the court determines whether the plaintiffs are similarly situated, which "requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id.* at 1102 (citation omitted). This is a "lenient standard" that "typically results in conditional certification of a representative class." *Felps v. Mewbourne Oil Co., Inc.*, 460 F. Supp. 3d 1232, 1235-36 (D.N.M. 2020) (citation omitted). Step two occurs after the close of discovery (often prompted by a motion to decertify), the court then applies a stricter standard of 'similarly situated'. *Thiessen*, 267 F. 3d at 1103.

### 3.1. This Court has already determined that Defendants' delivery driver employees are similarly situated.

This Court previously certified this case as a FLSA collective action, finding that the Plaintiff had met the requirements for the first stage of collective action certification because her Complaint, motion for certification, and supporting exhibits contained sufficient allegations that Plaintiffs and other putative class members were subject to the same employment policies and terms that allegedly resulted in minimum wage violations. Doc. 99, pp. 6-7. The Court relied on Plaintiffs allegation that she and the putative collective members are similarly situated for purposes of the FLSA in that they each:

1. Were employed by Defendants;

4

2. Were delivery drivers for Defendants;

3. Were subjected to the same policies and procedures promulgated by Defendants;

4. Were paid a tipped minimum wage while making deliveries for Defendants;

5. Were required to provide their own cars to use at work;

6. Were subject to the practice of Defendants to not keep track of delivery drivers' actual automobile-related expenses; and

7. Were not reimbursed for actual expenses or at the IRS standard business mileage rate.

*Id.* (citations omitted).

The Court determined that the Plaintiffs had provided sufficient evidence to establish a colorable basis showing the putative class members are victims of a single decision, policy or plan and acknowledged the importance of providing prospective class members "accurate and timely notice concerning the pendency of the collective action, so they can make informed decisions about whether to participate." *Id.* at pp. 6-7 citing *Deakin v. Magellan Health, Inc.*, 328 F.R.D. 427, 433 (D.N.M. 2018) and *Hoffmann-La Roche,* 493 U.S. at 170.

### 3.2. Putative collective members that began their employment with Defendants after the Collective list was produced are similarly situated and should receive notice.

Employees who began working for Defendants after the initial court-authorized notice was sent are similarly situated to the Plaintiffs. As Plaintiffs' First Amended Complaint details, Defendants' delivery driver employees were subjected to the same employment policies that Deborah West alleged in her original Complaint and initial Motion regardless of which location or state they worked in. *See* First Amended Class and Collective Action Complaint, ¶¶ 142-149, 167-174 (Doc. 208).

Additionally, eight opt-in plaintiffs offer sworn declarations in support of the instant motion. *See* Ex. 1-8. The declarants have been employed by Defendants since the initial round of notice was sent and attest that the alleged violating pay practices complained of have remained unchanged since this lawsuit was initiated. *See* Ex. 1 at ¶ 8; Ex. 2 at ¶ 7; Ex. 3 at ¶ 3; Ex. 4 at ¶ 6; Ex. 5 at ¶ 7; Ex. 6 at ¶ 6; Ex. 7 at ¶ 6; Ex. 8 at ¶ 6. The declarants provide knowledge of numerous locations across the three states in which Defendants operate, including Edgewood, NM, Clovis, NM, Durango, CO, two locations in Las Cruces, NM, Dallas, TX, Arkansas Pass, TX, Rockport, TX, Alamogordo, NM, Carlsbad, NM, and Ruidoso, NM. Ex. 1 at ¶¶ 3-5; Ex. 2 at ¶¶ 3-4; Ex. 3 at ¶ 6; Ex. 4 at ¶ 3; Ex. 5 at ¶ 3; Ex. 6 at ¶ 3; Ex. 7 at ¶ 3; Ex. 8 at ¶ 3. While Defendants appear to have changed their reimbursement methodology from a per-delivery reimbursement rate to a per-mile reimbursement rate since this litigation began, the opt-in plaintiffs maintain that the per-mile reimbursement rate is not based on their actual expenses and is significantly lower than the IRS standard business mileage rate. Ex. 1 at ¶ 21; Ex. 2 at ¶ 17, ¶ 19; Ex. 3 at ¶¶ 17-18; Ex. 4 at ¶ 16; Ex. 5 at ¶ 20; Ex. 6 at ¶ 17; Ex. 7 at ¶ 18-19; Ex. 8 at ¶ 18.

Over two years have now passed since notice was sent to similarly situated employees. Despite the time that has lapsed since notice was sent, the parties have not began discovery. *See, e.g.*, Docs. 253, 254 (ordering the parties to file legal arguments and staying discovery). Thus, the case is essentially in the same posture as it was when the Court ruled on the initial Motion, but any individual who began their employment after February 17, 2023, has not been notified of their opportunity to join.

4. **Conclusion**

For the foregoing reasons, Plaintiffs respectfully request the Court to (1) expand the FLSA collective conditionally certified in Doc. 99 to include any newly-hired employees who are subject

6

to the challenged policies; (2) to authorize Plaintiffs to send notice to any newly-hired delivery drivers since the original notice was sent; (3) approve the Plaintiffs' proposed notices and methods of disseminating notice; (4) order Defendants to provide name and contact information for all potential opt-in plaintiffs within 14 days of the Court's order, and (5) authorize a 60-day opt-in period.

Respectfully submitted,

*/s/ Emily Hubbard*
Andrew R. Biller (*associated*)
Andrew P. Kimble (*associated*)
Emily A. Hubbard (*associated*)
Biller & Kimble, LLC
8044 Montgomery Road, Suite 515
Cincinnati, OH 45236
Telephone: (513) 202-0710
Facsimile: (614) 340-4620
*abiller@billerkimble.com*
*akimble@billerkimble.com*
*ehubbard@billerkimble.com*

Christopher Moody (Bar # 1850)
Moody & Stanford, P.C.
4169 Montgomery Blvd., NE
Albuquerque, NM 87109
505-944-0033 (Phone)
505-944-0034 (Fax)
*moody@nmlaborlaw.com*

*Counsel for Plaintiff and the putative class*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically through the CM/ECF system, which caused the Counsel for Defendants to be served by electronic means via email.

*/s/ Emily Hubbard*
Emily A. Hubbard