IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DEBORAH WEST, JOSEPH BELKA, AND
LYNNE BALDERSON, *on behalf of themselves
and those similarly situated*,

    Plaintiffs,

v.                                                 Case No. 1:22-cv-00209-SMD-JMR

BAM! PIZZA MANAGEMENT, INC.; BRIAN
BAILEY; DOE CORPORATION 1-10; AND
JOHN DOE 1-10,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiffs' opposed motion ("Pls.' Mot. for Recons.") to reconsider this Court's March 19, 2025, order denying Plaintiffs' motion for an extension of time to file a substitution of party for named Plaintiff Lynne Balderson pursuant to Federal Rule of Civil Procedure 25 in conjunction with Federal Rule of Civil Procedure 6. Docs. 245, 272, 273. For the reasons set forth below, the Court GRANTS Plaintiffs' motion as to Balderson's federal claim but DENIES it as to Balderson's Texas state law claims.

### Relevant Procedural History and Background

This Court recounts the procedural history, background, and Order relating to the motion for which Plaintiffs request reconsideration and adds detail provided by the parties on reconsideration briefing. Pls.' Mot. for Recons.; Doc. 278 ("Defs.' Resp."); Doc. 279 ("Pls.' Reply"); *see West v. Bam! Pizza Mgmt., Inc.*, No. 1:22-CV-00209-SMD-JMR, 2025 WL 872308, at *1 (D.N.M. Mar. 19, 2025) (providing procedural history and background).

Named Plaintiff Deborah West, on behalf of herself and similarly situated individuals, filed a complaint on March 21, 2022, against Bam! Pizza Management, Inc., Brian Bailey, and

1

numerous John Does ("Defendants"), for failure to compensate plaintiffs with minimum wage as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et. seq., and the New Mexico Minimum Wage Act ("NMMWA"), N.M. Stat. Ann. § 50-4-20 et. seq. Doc. 1 ("Pls.' Compl.") ¶ 1.[1] The Honorable David H. Urias conditionally certified an FLSA collective on January 20, 2023. Doc. 99.

On March 19, 2023, Lynne Balderson opted-in to this action by filing an FLSA consent to join form. Pls.' Mot. for Recons. at 1 (citing Doc. 135-1 at 70; Defs.' Resp. at 1–2). Her consent to join form states, "I hereby consent to opt-in to this action to recover unpaid compensation, additional damages, attorneys' fees, and costs under the Fair Labor Standards Act." Doc. 135-1 at 70.

Plaintiff West moved for leave to amend her complaint on June 29, 2023, to add, *inter alia*, the named Plaintiff Lynne Balderson, a Texas resident, and Texas state law claims. Doc. 156. Plaintiff West filed a corrected motion for leave to amend her complaint on July 11, 2023. Doc. 162. Defendants filed an opposition to Plaintiff's motion on July 25, 2023. Doc. 166.

On August 17, 2023, Lynne Balderson died, according to all parties. Doc. 229; Doc. 245.

Plaintiff West replied to Defendants' opposition to Plaintiff's motion to amend her complaint on August 22, 2023, Doc. 179, and noticed the completion of briefing on September 19, 2023, pursuant to Local Rule 7.4(e). Doc. 190 at 1 (citing D.N.M.LR-Civ. 7.4(e)).

On February 20, 2024, the Honorable David H. Urias issued a Memorandum Opinion and Order granting Plaintiff West's motion to amend her complaint. Doc. 207. On February 26, 2024,

---

[1] As Plaintiffs note on reconsideration, Pls.' Reply at 3 n.1, the original complaint alleged that Defendants own and operate stores in New Mexico, Texas and Colorado, Pls.' Compl. ¶¶ 2, 16, 26. As Defendants note on reconsideration, the original complaint did not contain alleged violations of Texas law. Defs.' Resp. at 2.

2

Plaintiffs filed an amended complaint adding, *inter alia*, Lynne Balderson as a named Plaintiff and Texas state law claims brought by Balderson on behalf of herself and similarly situated current and former delivery drivers in Texas. *See*, *e.g.*, Doc. 208 ¶¶ 2, 8, 12, 21–23, 26, 36, 131–53, 237–54, 300–04. The amended complaint alleges that Balderson only worked in Texas, Doc. 208 ¶ 21, and Balderson is the only named plaintiff alleged in connection to the Texas state law claims. *See*, *e.g.*, Doc. 208 ¶¶ 131–53, 237–54.

On October 11, 2024, Defendants filed a Suggestion of Death under Rule 25 asserting that Plaintiff Balderson died on August 17, 2023. Doc. 229; *see* Fed. R. Civ. P. 25.

On January 6, 2025, Plaintiffs filed a motion for a 180-day extension of time to file a substitution of party for Plaintiff Balderson, pursuant to Rule 25, in conjunction with Rule 6. Doc. 245.[2] On January 21, 2025, Defendants filed a response opposing the motion. Doc. 252. Plaintiffs replied on January 30, 2025. Doc. 255.

On March 19, 2025, this Court issued a Memorandum Opinion and Order denying Plaintiffs' motion under Rule 25. *West*, 2025 WL 872308, at *1–3. This Court found that Rule 25 was inapposite because "Rule 25 contemplates substitution for someone who had been made a party before his death." *Id.* at *1 (quoting *Devolk v. Bd. of Regents of Univ. of N.M.*, No. 01-cv-774-PK-JHG, 2002 WL 35650041, at *1 (D.N.M. Mar. 7, 2002) (internal quotations and citations omitted)). Because Balderson died before Plaintiffs' counsel filed the amended complaint including her as a named plaintiff, this Court denied Plaintiffs' motion. *Id.* at *2 (citing, *e.g.*, *Devolk*, 2002 WL 35650041, at *1–2; *Esposito v. United States*, 368 F.3d 1271, 1277 (10th Cir. 2004)).

---

[2] On January 17, 2025, this case was reassigned to the undersigned District Judge. Doc. 251.

3

**Legal Standards**

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'" *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *see also Wagner Equip. Co. v. Wood*, 289 F.R.D. 347, 349 (D.N.M. 2013). When a party seeks to obtain reconsideration of a non-final order, the motion is considered "an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment."[3] *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991); *see also Taylor v. Thompson*, No. 1:20-CV-00536-DHU-JMR, 2025 WL 444733, at *3 (D.N.M. Feb. 10, 2025) ("[W]hen it comes to motions to reconsider interlocutory orders, Rule 54(b) '(i) provides that a district court can freely reconsider its prior rulings; and (ii) puts no limit or governing standard on the district court's ability to do so, other than that it must do so before the entry of judgment.'" (internal quotations and citations omitted)).

**Discussion**

For these reasons below, as to Balderson's FLSA claim, the Court grants Plaintiffs' motion to reconsider Plaintiffs' motion for an extension of time to file a substitution of party under Rule 25. However, the Court denies Plaintiffs' motion as to Balderson's Texas state law claims.

**I.    FLSA Claims**

In this Court's decision, Doc. 272, on Plaintiffs' initial motion, Doc. 245, this Court did not consider the impact of Balderson's opt-in to the lawsuit by filing a FLSA consent to join, Doc.

---

[3] This is distinguishable from a motion to alter or amend the judgment under Rule 59(e), filed within 28 days of the district court's entry of judgment, or a motion for relief from judgment under Rule 60(b), filed more than 28 days after entry of judgment. *See Taylor*, 2025 WL 444733, at *2 (citing *Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002)). Motions under Rule 59(e) or Rule 60(b) are adjudicated under the strict standards provided by those Rules. *Id.* at *3; *see also Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1224 n.2 (10th Cir. 2008).

4

135-1 at 70.  *See BNSF Ry. Co. v. Lafarge Sw., Inc.*, No. 06-CV-1076-MCA-LFG, 2009 WL 10665755, at *3 (D.N.M. Feb. 21, 2009) (finding that reconsideration may be granted if the moving party has provided dispositive factual matters which were overlooked) (citing *Van Haste v. Coram Healthcare Corp.*, No. 06-CV-4637-DRD-MAS, 2008 WL 2943370, at *1 (D.N.J. July 29, 2008)).

When Balderson "opted in" to the FLSA collective action by filing her written consent to join under 29 U.S.C. § 216(b), she became a party plaintiff to the FLSA claims.[4]  *See Beattie v. TTEC Healthcare Sols., Inc.*, No. 1:18-CV-03098-RM-NRN, 2019 WL 4242664, at *1 (D. Colo. Sept. 6, 2019) ("Although the Tenth Circuit Court of Appeals has not yet spoken on this issue, other federal appellate courts have concluded that plaintiffs who opt in to a collective action have party status.") (citing, *e.g.*, *Mickles v. Country Club Inc.*, 887 F.3d 1270, 1278 (11th Cir. 2018) ("The plain language of § 216(b) supports that those who opt in become party plaintiffs upon the filing of a consent and that nothing further, including conditional certification, is required.")).

As such, Balderson's counsel can properly move under Rule 25 to substitute Balderson's representative regarding Balderson's interest in the FLSA claims.  Courts have approved such substitutions where, like Balderson, a FLSA plaintiff opted-in and later died.  *See Marcus v. Am. Cont. Bridge League*, 80 F.4th 33, 42, 43–45 (1st Cir. 2023) (providing for Rule 25 substitution of FLSA opt-in plaintiff's widow).[5]

---

[4] It does not appear that Balderson became a party plaintiff to the New Mexico state law claims asserted in that original complaint. *See* Pls.' Compl. ¶¶ 123–42.  Balderson's consent to join only mentions the FLSA.  Doc. 135-1 at 70.  The amended complaint makes specific factual allegations regarding Balderson as to Texas claims, but not New Mexico claims.  *See, e.g.*, Doc. 208 ¶¶ 2, 8, 12, 21–23, 26, 36, 131–53, 237–54, 300–04.  In any event, it is ultimately not relevant because neither party asserts on this motion and motion for reconsideration briefing that Balderson's representative should be substituted regarding the New Mexico claims.

[5] Plaintiff correctly cites *Acebal v. United States*, 60 Fed.Cl. 551 (Fed. Cl. 2004), for the proposition that FLSA claims survive to the representatives of the decedent's estate. Pls.' Reply at 2–3; *see Acebal v. United States*, 60 Fed. Cl. at 556–57 (allowing substitution of plaintiff's administratrix under Rule of the United States Court of Federal Claims 25(a), where plaintiff died

Regarding the deadline for Plaintiffs to file a substitution of party for Balderson, this Court "encourages the parties to expeditiously resolve this issue" in these ways, following *Yaple v. Jakel Trucking LLC*, No. 21-CV-2045-JAR, 2023 WL 11978241, at *2 (D. Kan. Feb. 24, 2023):[6]

- Plaintiffs correctly point out that the 90-day clock for Plaintiffs to file a motion for substitution begins to run when Defendants serve a Suggestion of Death on Balderson's representative or successor. Fed. R. Civ. P. 25(a)(1), (3); *see West*, 2025 WL 872308, at *2 & n.4 (citing, *e.g.*, *Yaple*, 2023 WL 11978241, at *1). Plaintiffs have identified Stacy Weihrich as Balderson's successor and representative. Doc. 245 at 1; Doc. 255 at 5–6 & nn.1–2. There is not yet an indication that Defendants have served the Suggestion of Death on Stacy Weihrich. Doc. 255 at 2.

- Defendants can start the 90-day clock for Plaintiffs to file a motion for substitution by serving the suggestion of death on Weihrich within 14 days of the entry of this order. *See Yaple*, 2023 WL 11978241, at *2. Or, Plaintiffs' counsel could accept service of the suggestion of death for Weihrich, with whom Plaintiff's counsel now indicates they have been in touch. *See* Doc. 255 at 5–6 & nn.1–2.

- Or, Plaintiffs could file a motion for substitution to expedite the process, depending on the progress of state court probate proceedings. *See id.* at 6 n.2. "[T]he parties need not wait for service of the Suggestion of Death to be effectuated before filing such a motion." *Yaple*, 2023 WL 11978241, at *2 & n.9.

---

after commencement of the action (citing, *e.g.*, *Bilanow v. United States*, 309 F.2d 267, 268 (Ct.Cl. 1962)). Along these lines, in *Buckles v. EUBA Corp.*, the Court allowed, as a named plaintiff, an opt-in plaintiff whose daughter filed a FLSA consent to join on her father's behalf after he died— but, without considering Rule 25 substitution issues arising from the opt-in plaintiff's death. *Buckles v. EUBA Corp.*, No. 3:18-CV-355, 2019 WL 4645915, at *3 (S.D. Ohio Sept. 24, 2019).

[6] In Plaintiffs' motion for an extension of time to file a substitution of party for Balderson, filed January 6, 2025, Plaintiffs requested an extension of time until July 8, 2025. Doc. 245 at 2.

- If Defendants do not serve the suggestion of death on Weihrich within 14 days of the entry of this order, or Plaintiff's counsel does not accept service for Weihrich within 14 days, a motion for substitution for Balderson should be filed by one of the parties within 45 days of the entry of this order, else the parties waive the right to do so. *See Yaple*, 2023 WL 11978241, at *2.

## II.   Texas Claims

The Court denies Plaintiffs' motion to reconsider regarding Balderson's Texas state law claims. When Balderson opted-in to the FLSA claims, the lawsuit did not contain Texas state law claims.[7] Those Texas state law claims were filed after Balderson died. As this Court's prior order held, "Rule 25 contemplates substitution for someone who had been made a party before his death." *West*, 2025 WL 872308, at *1 (quoting *Devolk*, 2002 WL 35650041, at *1). Balderson was not, and could not have been, a party plaintiff to those Texas state law claims because she died before they were filed.[8]

As such, the Court declines to modify its prior order regarding the Texas state law claims. *See West*, 2025 WL 872308, at *1–2 (citing, *e.g.*, 7C Wright, Miller & Kane, Federal Practice and Procedure Civil 3d § 1951 ("Substitution is not possible if one who was named as a party in fact died before the commencement of the action."); *Adelsberger v. United States*, 58 Fed. Cl. 616, 618

---

[7] *Cf. Acebal*, 60 Fed.Cl. at 554 (explaining that United States Court of Federal Claims Rule 25(a)(1) "is merely procedural in nature" and "does not create a cause of action").

[8] Additionally, cases holding that a FLSA consent to join provides party plaintiff status to an opt-in plaintiff focus on the statutory "opt-in" scheme of FLSA. *See Mickles*, 887 F.3d at 1278 (citing 29 U.S.C. § 216(b)); *see also* Pls.' Mot. for Recons. at 4 (calling the FLSA "unique"). That affirmative consent is quite different than the opt-out scheme of Rule 23 class actions. *See Felps v. Mewbourne Oil Co., Inc.*, 460 F. Supp. 3d 1232, 1235 (D.N.M. 2020) ("Unlike 'opt out' class actions under Rule 23 of the Federal Rules of Civil Procedure, however, 'collective actions under the FLSA require affirmative consent by a current or former employee to join the class.'") (citation omitted). Plaintiff's amended complaint filed the Texas state law claims under Rule 23. Doc. 208 ¶¶ 237–54, 300–04.

(Fed. Cl. 2003) (rejecting that "an action can be initiated in the name of a deceased person")).

Plaintiffs make creative, albeit unavailing, arguments opposing this result. For example, Plaintiffs argue that Balderson "had" Texas law claims because she had moved for leave to file them, before she died and then the claims were filed. Pls.' Reply at 2.[9] But "Rule 25(a) does not apply if the person to be substituted died prior to the service or filing of the complaint." *West*, 2025 WL 872308, at *1 (citing 6 Moore's Federal Practice, § 25.10[1]); *see also Devolk*, 2002 WL 35650041, at *1–2 (denying motion under Rule 25 to substitute party where defendant died before he was named in an amended complaint). Otherwise, Plaintiffs' briefing on reconsideration elides the distinction between the FLSA claims and Texas state law claims, Pls.' Mot. for Recons., Pls.' Reply, while Defendants' briefing highlights it, Defs.' Resp. at 2, 4.

## Conclusion

This Court remains concerned that Plaintiffs' counsel filed an amended complaint on behalf of their client, a named plaintiff, bringing class action claims for someone who was not alive, and potentially made no effort to communicate with their client about prevailing on a motion on her behalf or actually filing her claims for nearly 14 months. For the above reasons, Plaintiffs' motion for reconsideration is GRANTED regarding Ms. Balderson's FLSA claim, and DENIED regarding Plaintiffs' Texas state law claims, as set forth above.

SARAH M. DAVENPORT
UNITED STATES DISTRICT JUDGE

---

[9] Similarly, Plaintiffs argue that the original complaint put Defendants "on notice" that Plaintiffs were seeking to represent Texas delivery drivers, Pls.' Reply at 3 n.1, because the original complaint referenced that Defendants own and operate stores in New Mexico, Texas and Colorado. Pls.' Compl. ¶¶ 2, 16, 26.