IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DEBORAH WEST, JOSEPH BELKA,
and LYNNE BALDERSON, on behalf of
themselves and others similarly situated,

    Plaintiffs,

v.                                                            No. 22-cv-00209-SMD-JMR

BAM! PIZZA MANAGEMENT, INC.,
BRIAN BAILEY; DOE CORP. 1-10;
and JOHN DOE 1-10,

    Defendants.

## MEMORANDUM ORDER

THIS MATTER comes before the Court on the Defendants' Motion to Dismiss on Count Six of the Complaint, filed December 20, 2024. Doc. 239 ("Def.'s Mot. to Dismiss"). Plaintiff[1] filed his response on January 16, 2025. Doc. 247 ("Pl.'s Resp."). Defendants filed their reply on January 30, 2025. Doc. 258 ("Defs.' Reply"). Upon review of the Parties' arguments and the relevant law, the Court will GRANT in part and DENY in part Defendants' Motion for Partial Dismissal.

## BACKGROUND

Plaintiff Joseph Belka ("Plaintiff") worked as a pizza delivery driver for Defendants at their Domino's Pizza location in Durango, Colorado from 2019 to 2020. Doc. 208 ("Pls.' Am. Compl.") ¶ 155. Plaintiff alleges that during his employment he was never "completely relieved of his duties" and given 30-minute "off-duty, uninterrupted meal breaks." *Id.* ¶¶ 102, 179. Plaintiff

---

[1] Although this suit has multiple named plaintiffs, only one, Plaintiff Joseph Belka, represents the subclass of Colorado workers relevant to the present motion and represents the Counts at issue in the present motion. *See* Pls.' Am. Compl. ¶¶ 215–36. Thus, except for the amended complaint filed on behalf of all plaintiffs, the Court will refer to "Plaintiff" in the singular.

further alleges that he was never "informed of his right to take 30-minute meal breaks." *Id.* ¶ 178. Instead, Defendants forced Plaintiff and other employees at the Colorado locations to eat their meals on duty. *Id.* When employees took on-duty meals, they did not clock out and they were paid for that time. *Id.* ¶ 177. Plaintiff would not have been paid for his meal breaks had they been "off-duty." *Id.* ¶ 102. Plaintiff also alleges that Defendants denied employees ten-minute rest breaks for every four hours worked. *Id.* ¶ 181.

Plaintiff filed a proposed class action on behalf of himself and others similarly situated under the Fair Labor Standards Act ("FLSA"), Colorado Wage Act ("CWA"), and Colorado Wage Order ("CWO"). *Id.* ¶¶ 1, 215; *see* 29 U.S.C. § 201; Colo. Rev. Stat. § 8-4-101, *et seq.*; 7 Colo. Code Regs. 1103-1 (2024). The proposed class (the "Colorado Subclass") includes "[a]ll current and former delivery drivers employed at the Defendants' Domino's stores owned, operated and controlled by Defendants in Colorado, between the date six years prior to the filing of the original complaint and the date of final judgment in the manner." Pls.' Am. Compl. ¶ 216. The Colorado Subclass seeks recovery on Counts Four through Seven of the Complaint: Defendants' (4) intentional failure to pay minimum wages under the Colorado Minimum Wage Act; (5) failure to properly reimburse drivers for delivery-rated expenses; (6) failure to provide duty-free meal periods of at least thirty-minutes for work shifts that exceeded five hours and compensated ten-minute rest breaks for every four hours of work; and (7) unjust enrichment from their alleged illegal conduct. *Id.* ¶¶ 278–80, 285, 290–91, 295–99.

The present motion seeks to dismiss Plaintiff's claim, as stated in Count Six, for the alleged denial of off-duty rest meal breaks in violation of the CWO. Defs.' Mot. to Dismiss at 2. Regarding the rest breaks, Defendants only contest the applicable statute of limitations.

**LEGAL STANDARDS**

To survive a motion to dismiss, a complaint "must contain sufficient factual matter" to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Accepting all well-pled allegations as true and construing them in the light most favorable to the plaintiff, the complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Robinson v. Kuhr Trucking, LLC*, 831 F. App'x 385, 388 (10th Cir. 2020). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 556. Because the sufficiency of a plaintiff's claim is determined by the complaint, defendants generally cannot defeat an allegation by raising affirmative defenses. *Miller v. Shell Oil Co.*, 345 F.2d 891, 893 (10th Cir. 1965). The exception to this rule is "where the facts establishing the affirmative defense are apparent on the complaint's face." *Id.*

**DISCUSSION**

**I.    Arguments**

The Colorado Wage Order—enacted by the Colorado Department of Labor and Employment ("CDLE")—provides that employees who work for five consecutive hours or more are "entitled to an uninterrupted and duty-free meal period of at least a 30-minute duration." 7 Colo. Code Regs. § 1103-1:5.1 (2025). However, where "the nature of the business activity or other circumstances make an uninterrupted meal period impractical," employers may instead provide employees with a "fully compensated" meal period without "any loss of time or

compensation." *Id.* Plaintiff alleges that Defendants violated this regulation by requiring employees to always take on-duty, paid meal breaks. Pls.' Am. Compl. ¶ 178.

Defendants dispute Plaintiff's claim on two grounds. First, they maintain that their meal break policy complies with the CWO. Defs.' Mot. to Dismiss at 4. They argue that the regulation grants employers two options—either completely relieve employees of their duties and give them an unpaid meal break, or require them to continue working and compensate them at their regular rate—and they chose the second. *Id.* "There is no statutory or legal authority that supports [Plaintiff's] allegation that employees are required to receive a thirty-minute uninterrupted meal period regardless of circumstance, or that Defendants violated the meal period regulation in any way." *Id.* Second, Defendants assert that Plaintiff has not established damages. "Simply put, there can be no alleged wages or compensation owed to Plaintiff and other Colorado delivery drivers for any alleged failure to receive an unpaid, uninterrupted, and duty-free 30-minute meal break when Plaintiff does not allege that he and other Colorado drivers were not paid for all hours worked." *Id.* at 5.

Plaintiff counters that the Colorado law obligates employers to provide employees with a thirty-minute meal break for every five hours worked and does not permit Defendants' chosen alternative. Pl.'s Resp. at 2. On the note of damages, Plaintiff counters that the appropriate measure for missed meal breaks is the employee's hourly rate. *Id.* at 9. "Other measures of monetary damages are also possible, such as a flat penalty per violation, overtime pay for hours worked after a denied break, or perhaps *more* than half an hour of wages as compensation." *Id.* If the Court determines that Plaintiff is not entitled to damages, Plaintiff seeks "other legal and equitable relief as the Court deems appropriate." *Id.*; Pls.' Am. Compl. ¶ O.

Lastly, the Parties disagree over the applicable statute of limitations. Defs.' Mot. to Dismiss at 11; Pl.'s Resp. at 10. Defendants contend that the Colorado Wage Claim Act's three-year statute of limitations governs Plaintiff's claim, while Plaintiff asserts that Colorado's catch-all six-year statute of limitations governs his claim. Defs.' Mot. to Dismiss at 11; Pl.'s Resp. at 10. Alternatively, Defendants ask the Court to stay its resolution of this dispute until the Colorado Supreme Court, which recently granted certiorari on this question, issues a ruling. *Id.* at 13; *see Perez v. By the Rockies, LLC*, 543 P.3d 1054, 1056 (Colo. Ct. App. 2023), *cert. granted*, *By the Rockies LLC v. Perez*, No. 23SC000956, 2024 WL 3862467, at *1 (Colo. Aug. 19, 2024).

## II. Analysis

### A. The Colorado Wage Order Obligates Employers to Provide Employees with a Thirty-Minute Uninterrupted Meal Break, Unless Such Breaks are Infeasible.

To determine whether Plaintiff has sufficiently alleged a violation of the CWO, the Court must first consider what rights the regulation creates. This analysis begins "with the text of the statute itself." *Guarantee Tr. Life Ins. Co. v. Est. of Casper ex rel. Casper*, 418 P.3d 1163, 1167 (Colo. 2018); *Phelps v. Hamilton*, 59 F. 3d 1058, 1071 n.23 (10th Cir. 1995) ("State rules of statutory construction should be applied by federal courts in interpreting a state statute."). In Colorado, courts aim "to effectuate the intent of the General Assembly by looking to the plain meaning of the language used, considered within the context of the statute as a whole." *Bly v. Story*, 241 P.3d 529, 533 (Colo. 2010). "[W]hen examining a statute's language, we give effect to every word and render none superfluous because we do not presume that the legislature used language idly and with no intent that meaning should be given to its language." *Lombard v. Colo. Outdoor Educ. Center, Inc.*, 187 P.3d 565, 571 (Colo. 2008) (internal quotations omitted). The CDLE has specified that, for purposes of interpreting the CWO, employee rights should be given a "liberal" construction and exemptions a "narrow" one. 7 Colo. Code Regs. § 1103-1:8.7(A)

(2025).

The CWO states that employees "shall be entitled to an uninterrupted and duty-free meal period of at least 30-minute duration." *Id.* § 1103-1:5.1. It is only where the "business activity or other circumstances exist that make an uninterrupted meal period impractical" that employers may instead offer an on-duty, compensated meal break. *Id.* The Court finds that this language unambiguously creates a right to an uninterrupted thirty-minute meal period per five-hours of work. This conclusion is driven in significant part by the legislature's use of the word "shall," which expresses a mandate. *Associated Gov'ts of Nw. Colo. v. Colo. Pub. Utils. Comm'n*, 275 P.2d 646, 650 (Colo. 2012) ("Unless context dictates otherwise, 'shall' denotes a mandate."); *Murphy v. Smith*, 583 U.S. 220, 223 (2018) ("[T]he world 'shall' usually creates a mandate, not a liberty."). Accordingly, the Court rejects Defendants' interpretation of the statute as creating two "choices." Defs.' Mot. to Dismiss at 6. The Court finds that on-duty meal breaks are an exception to the rule, not an equivalent option, and must be construed "narrowly." 7 Colo. Code Regs. 1103-1:8.7(A) (2025); *see Hicks v. Colo. Hamburger Co.*, 527 P.3d 451, 456 (Colo. Ct. App. 2022) (describing the impracticality provision of the meal break regulation as a "caveat"); *The Wild Animal Sanctuary*, Wage & Hour Citation #1777-21, 2 (Colo. Div. of Lab. & Stats. 2022) (explaining that the CWO "requires employees that are not *otherwise exempt* to receive a 30-minute meal break, which must be duty-free") (emphasis added); *cf. Brinker Rest. Corp. v. Superior Ct.*, 273 P.3d 513, 533 (Cal. 2012) (analyzing similar California statute and explaining that "the order's text spells out the nature of 'on-duty' meal periods and the precise circumstances in which they are permitted" "absent such circumstances, an employer is obligated to provide an 'off-duty' meal period").

Because the statute is clear that employees are entitled to a thirty-minute, uninterrupted meal break, the Court must now determine whether the alleged facts enable the Court to make the

6

"reasonable inference" that Defendants violated this right. *Robinson*, 831 F. App'x at 388. The Court finds they do. The CDLE has explained that except in "special cases," an employer cannot "declare all meal periods for all employees impractical, and never provide them, *even if it pays for the time*." Div. of Lab. Standards and Stats., Colo. Dep't of Lab. & Emp., *Interpretive Notice & Formal Opinion ("INFO") #4: Meal and Rest Periods*, 1 (last updated May 23, 2023) (emphasis added). The INFO provides the following example:

> A grocery store is staffed with multiple checkout aisles, each staffed with a cashier scheduled for 6 or more consecutive hours per shift. The employer pays for all time, and lets cashiers eat while on-duty. But it provides no meal periods, explaining that all meal periods "impractical" because the store is "always busy." This denial of meal periods is unlawful …While having staff never take breaks may save on staffing, and make scheduling easier, that's not enough to make meal periods "impractical" enough for an employer to disallow them.

*Id.* Contrary to the Defendants' view, paying employees for meal breaks does not fulfill their legal obligation. If it did, employers would be able to unilaterally substitute off-duty meals with on-duty ones and cause the exception to "swallow the rule." *In re Woods*, 743 F.3d 689, 699 (10th Cir. 2014).

The Colorado Division of Labor and Statistics, which handles wage complaints, has also affirmed that uninterrupted meal breaks are a right rather than a choice. In *The Wild Animal Sanctuary*, an employee challenged their employer's stated meal break policy. *See The Wild Animal Sanctuary*, Wage & Hour Citation #1777-21. The employer's handbook portrayed off-duty meal breaks as acceptable "if needed," but went on to state that "due to the nature of our workloads and unique facility, the standard option for the majority of [employers'] employees is to incorporate their lunch intake while continuing to work." *Id.* at 2. The reviewing officer found that such a representation illegally "suggested that meal breaks are merely 'allowed' rather than informing employees that meal breaks are a requirement of Colorado labor law." *Id.*

7

It follows from the CDLS's reading that employers comply with the CWO where they evaluate the feasibility of uninterrupted breaks and give employees a mix of on-duty and off-duty meal breaks. For instance, in *Latham*, summary judgment was appropriate where the plaintiffs acknowledged that they were "permitted to take meal breaks and, when they did not do so, they were compensated for the time, even if the Plaintiffs ate a meal while on duty." *Latham v. High Mesa Commc'ns*, No. 17-CV-2118-JLK-GPG, 2020 WL 1317421, at *7 (D. Colo. Jan. 13, 2020). There, the employer affirmed that workers were "provided meal periods when business allowed and when such circumstances were such that a meal period was not practical, the Plaintiffs were permitted to eat while on duty with no loss in compensation." *Id.*

Plaintiff's complaint alleges that he "was not informed of his right to take 30-minute meal breaks" and "did not receive uninterrupted thirty-minute meal breaks." Pls.' Am. Compl. ¶¶ 178–79. Given the statute's unambiguous requirement that, absent mitigating circumstances, employees must receive an off-duty break, and the narrow construction of exemptions under the CWO, Defendants' repeated insistence that the regulation does not include a "requirement" "regardless of circumstance" is unavailing. Defs.' Mot. to Dismiss at 6; *see Nagel v. DFL Pizza, LLC*, No. 1:21-cv-00946-DDD-SBP, 2023 WL 6292532, at *3 (D. Colo. Aug. 8, 2023) (finding that nearly identical complaint "adequately allege[d] a violation of Colorado labor regulations"). Whatever discretion employers enjoy in determining when off-duty meal breaks are practical, they do not have the latitude to universally deny them. Moreover, Defendants have not described a "circumstance" that made off-duty meal breaks infeasible and, even if they had, practicality is an affirmative defense which cannot defeat Plaintiff's claim at this stage. *Nagel*, 2023 WL 6292532, at *2 ("[T]he issue of practicality is an affirmative defense and does not render [the plaintiff's] complaint insufficient."); *see Fernandez v. Clean House, LLC*, 883 F.3d 1296 (10th Cir. 2018)

(explaining principle that defendants cannot introduce new facts to assert a defense at the motion to dismiss stage). If Defendants maintained a policy of requiring on-duty meal breaks regardless of circumstance, they violated the statute. The Court therefore finds that Plaintiff has articulated a colorable claim under the CWO.

      B. Plaintiff's Claim Fails Under Rule 12(b)(6) Because It Does Not Seek a Viable Remedy.

The remaining issue is whether the Plaintiff's claim may proceed when he was compensated for all working time, including his on-duty meal breaks. The CWO permits an employee who received less than their full wages to "recover in a civil action the unpaid balance of the full amount owed, together with reasonable attorney fees and court costs." 7 Colo. Code Regs. § 1103-1:8.1 (2025). "Wages" or "compensation" means "all amounts for labor or service performed by employees." Colo. Rev. Stat. § 8-4-101 (2024). "No amount is considered to be wages or compensation until such amount is earned, vested, and determinable." *Id.* The CWO clarifies that "[t]here is no minimum size of a wage claim, and thus no claim too minimal for recovery." 7 Colo. Code Regs. § 1103-1:8.1 (2025).

Despite this accommodating standard, Plaintiff fails to state a "facially plausible" right to relief because he does not have any associated "wage" claim. The complaint states that "[a]s a result of being denied meal and rest periods, Plaintiff Belk and the Colorado Meal and Rest Break Class received less than the legal minimum wage applicable for all hours worked." Pls.' Am. Compl. ¶ 292. At no point, however, does Plaintiff explain how paid meal breaks led to sub-minimum wages. While Defendants likely enjoyed some benefit from having employees work through their meal breaks, this benefit does not amount to an "earned" or "vested" wage. *Cf.* Colo. Rev. Stat. § 8-4-101 (2024). Plaintiff asks for "other forms of monetary relief," but the regulation only contemplates actions for unpaid wages. It is not the Court's role to create additional forms

9

of recovery.  *Cf. Youren v. Tintic Sch. Dist.*, 343 F.3d 1296, 1308 (10th Cir. 2003) ("[T]he state legislature failed to mention punitive damages, one of the two basic types of damages, in a law that authorized various specific forms of relief. … We are therefore unwilling to read punitive damages into a statute that does not expressly authorize them."); *Williams v. Dep't of Pub. Safety*, 369 P.3d 760, 776 (Colo. Ct. App. 2015) (refusing to award front pay where statute authorized other forms of relief because "the inclusion of certain items implies the exclusion of others").

Plaintiff's prayer for equitable relief also cannot sustain his claim because he is no longer employed by Defendants.  Pls.' Am. Compl. ¶ 155; *Williams v. Foremost Ins. Co.*, 102 F. Supp. 3d 1230, 1242 (D.N.M. 2015) ("[T]he standing threshold for equitable relief is not met by asserting that there are others in a prospective class who are at risk."); *see generally Hackford v. Babbitt*, 14 F.3d 1457, 1465 (10th Cir. 1994) (finding that a plaintiff must assert "his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties"); *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999) ("Unless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief.").  The Court does not address Plaintiff's theories regarding unjust enrichment or breach of contract because, as Plaintiff concedes, they were not raised in the complaint.  Pl.'s Resp. at 6.  The Court thus agrees with the decision in *Nagel* and finds that Plaintiff's failure to allege damages defeats his claim for relief.  *See Nagel*, 2023 WL 6292532, at *2.

C.  The Six-Year Statute of Limitations Applies to Plaintiff's Rest-Break Claim.

The Court concludes that the rest break claim, also outlined in Count Six, survives. Plaintiff alleges that Defendants denied employees' ten-minute rest breaks for every four hours worked.  Pls.' Am. Compl. ¶ 181.  In contrast to meal breaks, the CWO specifically provides that "a failure by an employer to authorize and permit a 10-minute compensated rest period is a failure

to pay 10 minutes of wages at the employee's agreed-upon or legally required (whichever is higher) rate of pay." 7 Colo. Code Regs. § 1103-1:5.2.4 (2025). Thus, Plaintiff's alleged missed rest periods do not pose a damages issue.

Regarding the statute of limitations, the Court agrees with the Colorado District Court's reasoning on how to proceed while the Colorado Supreme Court reviews *Perez*. *See McAlister v. LGI Homes Corp.*, No. 23-cv-03088-NYW-TPO, 2024 WL 5431464, at *10 (D. Colo. Dec. 6, 2024) (slip op.) (summarily adopting *Perez* and applying six-year statute of limitations). The Court will apply the six-year statute of limitations to the rest break claims, as the Colorado Court of Appeals held was appropriate. *Perez*, 543 P.3d at 1056. Echoing *McAlister*, this Court:

> [T]akes no position on whether the Court of Appeals' majority or dissent in *Perez* has the better analysis, nor should this ruling be taken as a prediction of how the Colorado Supreme Court will ultimately decide the issue. Instead, this decision balances comity with efficiency and applies a six-year statute of limitation to move forward with this litigation while *Perez* remains pending.

2024 WL 5431464, at *10. Should the Colorado Supreme Court hold that a shorter limitations period applies, this Court will revisit the definition of the Colorado Subclass.

## CONCLUSION

**IT IS ORDERED** that Defendant's Partial Motion to Dismiss Count Six of Plaintiff's Complaint is **GRANTED** as to Plaintiff's claim for meal periods and **DENIED** as to shortening the statute of limitations.

_____
**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**