IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
ROSWELL DIVISION

| | |
|---|---|
| Deborah West, *et al.*<br><br>*On behalf of themselves and those similarly situated*,<br><br>Plaintiff,<br>v.<br><br>Bam! Pizza Management, Inc.; Brian Bailey; Doe Corporation 1-10; John Doe 1-10;<br><br>Defendants. | Case No. 1:22-cv-00209-SMD-JMR<br><br>Class Action |

# PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' SECOND MOTION TO AMEND ORDER TO AMEND FOR INTERLOCUTORY APPEAL

## 1. Introduction

Defendants again ask the Court to employ § 1292(b)'s sparingly-used path to appellate review. This time, Defendants' request is in response to this Court's rejection of Defendants' theory that the Fair Labor Standards Act's specific minimum wage mandate requires nothing more than an estimate; an estimate, Defendants contend, they can make without knowing what the employees' actual costs are.

Like their first attempt to obtain interlocutory review, Defendants cannot demonstrate that substantial grounds for difference of opinion exist or that an appeal will materially advance the ultimate termination of the litigation. Defendants have not met their heavy burden establishing that the case is an exceptional one in which immediate appeal is warranted. Accordingly, Plaintiffs respectfully ask the Court to deny Defendants' latest attempt for a piecemeal appeal and stay.

**2. Legal Standard**

As this Court recently reiterated in denying Defendants' prior motion, § 1292(b) is a "rare exception" to the final judgment rule, applied "sparingly" only in "extraordinary cases" to prevent disruption, delay, and piecemeal litigation. Doc. 305 at 2 (quoting *Camacho v. Puerto Rico Ports Auth.*, 369 F.3d 570, 573 (1st Cir. 2004); *Carpenter v. Boeing Co.*, 456 F.3d 1183, 1189 (10th Cir. 2006). It is not a vehicle for routine review of summary judgment denials or fact-bound rulings. Doc. 305 at 2 (quoting *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000)).

"The proponent of an interlocutory appeal bears the burden of establishing that all three of the substantive criteria are met." *Freedom Transp., Inc. v. Navistar Int'l Corp.*, No. 18-CV-2602-JAR, 2020 U.S. Dist. LEXIS 3365, 2020 WL 108670, at *2 (D. Kan. Jan. 9, 2020). Accordingly, Defendants must demonstrate each of § 1292(b)'s three criteria before the court may consider certifying an Order for interlocutory appeal, including that (1) the order must involve a "controlling question of law;" (2) there must be "substantial ground for difference of opinion;" and (3) it must be shown that immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

**3. Background**

Defendants' Motion omits a significant aspect of the procedural history in this nearly four-year-old case. The parties filed cross-motions for summary judgment addressing the legal standard for valuing vehicle expenses on two separate occasions: once in September 2023 (Docs. 187, 188), and then again in February 2025 after the parties' mediation efforts failed. What happened in the interim matters: on March 12, 2024, the Sixth Circuit Court of appeals issued the only federal

appellate opinion on the issue before the Court. *See Parker v. Battle Creek Pizza, Inc.*, 95 F.4th 1009 (6th Cir. 2024).

In their pre-*Parker* briefing, Plaintiffs argued that the Department of Labor's longstanding regulatory interpretation in its operations manual allowed employers to comply with the FLSA by either tracking and reimbursing each driver's actual expenses or reimbursing at the IRS rate. (Doc. 187). Under that approach, liability would essentially be automatic upon a finding that the employer failed to do either. This approach streamlined discovery. *See, e.g.*, *Hatmaker v. PJ Ohio, LLC*, No. 3:17-cv-146, 2020 U.S. Dist. LEXIS 39715, at *11 (S.D. Ohio Mar. 6, 2020) (declining to require pizza delivery drivers through the effort and expense of producing actual expense records, noting that "[b]ecause Defendants have not tracked and paid actual expenses, the drivers' individual vehicle expenses (if maintained at all by the drivers) are irrelevant.")

Post-*Parker*, Plaintiffs aligned their position with the Sixth Circuit's holdings that Section 206(a)(1)(C) requires a specific wage that must be met "to the penny" (*Id.* at *1016) and how liability should be determined in the absence of employer-recordkeeping. Although Plaintiffs argued that the burden-shifting framework from *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-88 (1946) should guide discovery and liability determinations, the Court declined to delve into the parties' propositions on discovery as premature.

This shift post-*Parker* is relevant to the question before the Court. Pre-*Parker*, a finding that an employer *must* reimburse at the IRS standard business mileage rate if they had not tracked and paid actual expenses would significantly limit the scope of discovery. As Plaintiffs explained in their briefing post-*Parker*, however, discovery into whether Defendants tracked actual expenses to determine liability or negative the reasonableness of Plaintiff's estimates will be necessary. This

means, as more fully discussed below, that even if Defendants could demonstrate that interlocutory appeal was warranted (it isn't) and were successful on appeal, the appeal would not materially advance the ultimate termination of the litigation.

**4. Argument**

Defendants have failed again to satisfy all three elements stated in 28 U.S.C. § 1292(b).[1] Because they cannot satisfy the second or third elements, their Motion should be denied.

**4.1. There is no "substantial ground for difference of opinion."**

Defendants recognize that the "substantial ground for difference of opinion" requirement is met only in four distinct situations: where (1) the trial court rules in a manner which appears contrary to the rulings of all courts of appeals which have reached the issue, (2) the circuits are in dispute on the question and the court of appeals has not spoken on the point, (3) the case presents a complicated issue of foreign law, or (4) if novel and difficult questions of first impression are presented. Def. Motion at 6 citing *Schmidt v. Navistar, Inc.*, No. 18CV321 KG/JFR, 2019 WL 2233832, at *2 (D.N.M. May 23, 2019). Despite claiming that this requirement is "plainly" met, Defendants cannot articulate how.

Instead, Defendants cite variation among *district* courts as their grounds for both issues. Def. Motion at 6-8. As the Court already held, a substantial ground for difference of opinion is based on a difference in appellate court decisions, not district court decisions. *See* Order Denying Motion at 4 citing *Couch v. Telescope, Inc.*, 611 F3d 629, 633 (9th Cir. 2010), (Doc. 305)

On the issue of the legal standard for valuing vehicle expenses, the Court's Order aligned itself with the only appellate authority to consider the reimbursement of delivery-related expenses

[1] Plaintiffs agree that the controlling issue of law is met.

under the FLSA. *See* Order, FN 2. *Parker* creates no circuit split or genuine doubt; it resolves the issue against Defendants, and no circuit has ruled to the contrary. As a result, this issue does not satisfy the requirement of § 1292(b).

While Defendants claim the Order departs from a "majority approach" in district courts, they again rely on pre-2024 cases and a discredited DOL opinion letter that this Court rejected, as does *Parker*. Def. Mot. at 2 & nn.1-2. In reality, the previously endorsed "reasonable approximation" approach was neither unanimous nor well-reasoned. *See* Order at 11 (Doc. 316) (explaining that pre-*Parker* district court decisions adopting the "reasonable approximation" approach rested their decisions on premises that the Court has rejected.)

On the issue of recordkeeping, Defendants make a strained and erroneous mischaracterization of *Parker*'s holding and scope to frame the Court's Order finding employer recordkeeping obligations as being contrary to the only appellate decision to have reached the issue. Aside from rejecting an argument raised at oral argument that it would be "impossible" to pay actual expenses, *Parker* did not consider, nor did the parties brief[2], whether a particular employer met its FLSA recordkeeping obligations.

Defendants' suggestion that *Parker*'s statement that the Court did not "fault the defendants for any failure of recordkeeping" conveniently omits that *Parker* explains that "the situation here… is one that [the employers] chose to create." *Parker*, 95 F. 4th at 1019. Although recordkeeping might be difficult, if the employer requires workers to supply vehicles for the employer's benefit, the employer must take on the recordkeeping obligation. Common sense necessitates finding what this Court did: there is no way to reimburse a worker for their actual

[2] Plaintiffs' counsel represented the Plaintiffs in both of the district court cases underlying the consolidated appeal. Fisher Philips, which represents Defendants, represented one of the defendants in the *Parker* consolidated appeal.

expenses unless the employer endeavors to find out what those expenses are. *Parker* does not hold otherwise.

Rather, this Court's decision echoes *Parker*'s sentiment that rejects the Defendants' argument that tracking vehicle expenses is "inherently impossible." "There is nothing 'inherent' about this information gap; it is the result of Defendants deliberate decision to outsource their costs." Order at 12, citing *Parker* at 1016.

This Court thoroughly considered the recordkeeping obligations of the FLSA and its implementing regulations. The Court recognized that the plain language of 29 U.S.C. § 211(c) requires employers to keep records of "wages." Order at 14-15. 29 C.F.R. § 531.35 makes clear that an employee's wages include any amounts deducted for the benefit of the employer, so employers are required to maintain those records to demonstrate that they paid employees minimum wages. *Id*. Nothing about this is contrary to *Parker*.

Defendants then cite to variation among how district courts have handled the issue to imply that novelty justifies appeal. Again, a substantial ground for difference of opinion requires more than disagreement; it demands genuine doubt about the legal standard, such as a *circuit* split or conflicting *appellate* decisions. Doc. 305 at 5-6 (citing *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010)).

Having no circuit split to point to, Defendants point to district court variances and point to cases where the district courts addressed sufficiency of evidence at the summary judgment stage and/or prioritized ease of accounting over the mandates of the FLSA. *See, e.g.*, *Gifford v. DR Pizza, Inc.*, No. 2:22-cv-00707-TS-JCB, 2025 LX 447772, at *11 (D. Utah Sep. 17, 2025) (granting summary judgment where Plaintiffs did not present any approximation or evidence of miles driven

or vehicle costs). These district court variances are insufficient. *Couch*, 611 F.3d at 633. Here, the Court recognized the complexity of measuring the costs associated with employee-provided vehicles yet understood that "ease of accounting is not what the FLSA concerns itself with, guaranteeing a basic wage is." Order at 11 (citing *E.M.D. Sales, Inc. v. Carrera*, 604 U.S. 45, 45 (2025)). This is in line with *Parker*. *Parker* at 1016 ("the defendants insist that computing their drivers' actual costs of providing vehicles for their work would be 'impossible.' But the employers themselves created this situation").

While Defendants may be disappointed that the Court, like *Parker*, was unsympathetic to the dilemma Defendants created for themselves, they fail to show a substantial ground for difference of opinion exists.

**4.2. An interlocutory appeal will not materially advance the litigation's termination.**

Even if there was substantial ground for difference of opinion (there is not), an interlocutory appeal would delay, rather than expedite, the ultimate termination of the case. Once again, Defendants cannot meet their burden to prove that an appeal would have any real impact on the ultimate termination of the litigation because the litigation will be conducted in the same manner regardless of the court's decision.

Interlocutory review is appropriate "only in extraordinary cases where decision might avoid protracted and expensive litigation." *Mayer v. Bernalillo Cty.*, No. CIV 18-0666 JB\SCY, 2018 U.S. Dist. LEXIS 210839, at *73 (D.N.M. Dec. 13, 2018) citing *Robbins Co. v. Lawrence Mfg. Co.*, 482 F.2d 426, 429-30 (9th Cir. 1973). An immediate appeal advances this termination if it "would (1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly." *Id.* (citation omitted).

The Tenth Circuit has recognized that "most interlocutory orders disadvantage or inflict some degree of harm on one of the parties to a litigation" but courts "must balance that concern against the need for efficient judicial administration, the delay caused by interlocutory appeals, and the burden on appellate courts imposed by fragmentary and piecemeal review of the district court's myriad rulings in the course of a typical case." *Boughton v. Cotter Corp.*, 10 F.3d 746, 748 (10th Cir. 1993).

**4.2.1. Defendants cannot show that an interlocutory appeal would fundamentally alter or eliminate the need for further proceedings.**

Here, Defendants fail to show that an appeal would advance to termination of the litigation. Despite claiming that their assumed victory on appeal would fundamentally alter or eliminate the need for further proceedings, they again stop short of explaining exactly how that is. Defendants seem to argue that if they were to prevail on their approximation approach, and the Tenth Circuit were to ignore 29 U.S.C. § 211(c) to find that employers have no obligation to maintain records, there would be no need for discovery into their approximations. This is nonsense.

An employer could not possibly "reasonably approximate" an expense which they did not track. *See* Order, FN3 (Doc. 316) ("While it is true that Defendants could use an approximation that overcompensates employees for their costs, that would require them to know what their employees' actual costs are. Defendants cannot escape the conclusion that tracking actual costs is a necessary condition for compliance in the minimum-wage context.") (citing *Parker* at 1016). No matter what, the claims asserted are predicated on Defendants' failure to reimburse the Plaintiffs' business expenses. Thus, under either the adopted "actual-cost" standard or their rejected "reasonable approximation" approach, the parties will need discovery into the Defendants'

records of wages, reimbursements, hours worked, miles driven, and actual expense records maintained.

From there, if Defendants have maintained adequate records, the Plaintiffs will be able to "easily discharge their burden by securing production of those records." *Anderson*, 328 U.S. at 687. If they have not, the Plaintiffs will prove their claims by "just and reasonable inference," and the burden will then shift to the employer to produce evidence to negative the reasonableness of the inference drawn from the employee's evidence. *Id*. Either way, the litigation will be conducted in the same manner regardless of the court's decision, and will include the same efforts to identify expenses, expert analysis, motion practice, and trial. *Mayer*, 2018 U.S. LEXIS 210839 at *73 citing *In re City of Memphis*, 293 F.3d at 351 ("When litigation will be conducted in substantially the same manner regardless of [the court's] decision, the appeal cannot be said to materially advance the ultimate termination of the litigation.")

Finally, Defendants' argument that an immediate appellate review would advance the case by clarifying whether the case can proceed on a class or collective basis has no basis. The Court's Order does not create ambiguity, undercut the FLSA's collective action mechanism, or constrain Plaintiff's theory of liability in any way.

The Court's Order clearly explains that this case will proceed under the longstanding burden-shifting framework enunciated in *Anderson*, which has been utilized in FLSA cases where employers do not observe their duties under 29 U.S.C. § 211 for decades. Neither *Parker* nor this Court's Order undermines collective actions as a legal mechanism under 29 U.S.C. 216(b).

Certainly, even under Defendants' "approximation" standard, courts have repeatedly certified classes and collective actions.[3] Although there are fewer decisions post-*Parker*, a court in the Sixth Circuit recently certified a case as a class/collective action. *Dietrich v. Romeo's Pizza, Inc.*, No. 1:19 CV 2092, 2025 LX 326490, at *5 (N.D. Ohio Aug. 29, 2025). Put simply, the Court's decision does not impact class or collective action certification because, regardless of what the employer had to do to comply with the FLSA, Defendants applied the same policy across-the-board, warranting class/collective treatment.

**4.2.2. The Sixth Circuit's consolidated appeal in *Parker* does not support interlocutory review here.**

Defendants' argument that because the Sixth Circuit accepted the consolidated appeals in *Parker* should sway this Court's determination on whether Defendants have met their burden of proof under 28 U.S.C. § 1292(b) should be summarily rejected for two independently sufficient reasons.

First, whether other courts have granted interlocutory appeals for similar issues is not one of the three criteria that must be met under § 1292(b) before the court may consider certifying an Order for interlocutory appeal. Although Defendants try to lump it into the consideration of whether an interlocutory review would materially advance the ultimate termination of the case, how other district courts have handled requests for interlocutory appeal is entirely irrelevant to the issue of whether an appeal here would materially advance this case.

[3] *See, e.g.*, *Hoffman v. Déjà Vu Pizza LLC*, 2024 U.S. Dist. LEXIS 106588 (D.N.D. June 6, 2024); *Patzfal v. FSM Za, LLC*, 2022 U.S. Dist. LEXIS 230073 (E.D. Wis. Dec. 19, 2022); *Edwards v. PJ Ops Idaho, LLC*, 2022 U.S. Dist. LEXIS 102861 (D. Idaho 2022); *Branning v. Romeo's Pizza, Inc*., 594 F. Supp. 3d 927 (N.D. Ohio 2022); *Brandenburg v. Cousin Vinny's Pizza, LLC*, 2018 U.S. Dist. LEXIS 189878 (S.D. Ohio Nov. 5 2018); *McFarlin v. Word Enters., LLC*, 2017 U.S. Dist. LEXIS 164968 (E.D. Mich. Oct. 5, 2017); *Perrin v. Papa John's Int'l, Inc*., 2023 U.S. Dist. LEXIS 181749 (E.D. Mo. Dec. 31, 2013); *Bass v. PJCOMN Acquisition Corp*., 2011 U.S. Dist. LEXIS 58352 (D. Colo. June 1, 2011).

Second, Defendants mistakenly argue that *Bradford* and *Parker* raised the same arguments as were presented here. This is not the case. As detailed above, the plaintiff delivery-drivers in both *Bradford* and *Parker* argued that where an employer fails to track and pay actual expenses, the Department of Labor's Field Operations Handbook guidance *required* employers to use the IRS standard business mileage rate. Under their proposed standard, it followed that discovery into actual costs would not be needed, whereas it would be under the Defendants' proffered approximation standard. With those competing standards at issue, an interlocutory appeal *would* materially advance the ultimate termination of the case.[4]

The Court's Order held that the FLSA requires reimbursement of actual costs. Determining liability and damages, then, will necessitate discovery into whether the employer maintained actual cost records and, if not, an estimation of those expenses. The alternative "reasonable approximation" approach proffered by Defendants would likewise necessitate discovery into whether the employer maintained actual cost records and, if not, an estimation of those expenses. Thus, unlike *Parker*, interlocutory appeal would not materially advance the case.

**5. Neither an interlocutory appeal nor a stay is warranted.**

28 U.S.C. § 1292(b) does not permit such a stay unless Ordered by the district court judge or Court of Appeals, so Defendants ask the Court to extend the stay that has already delayed discovery from starting for years. As previously detailed, even if an interlocutory appeal was warranted, the same or substantially similar discovery and litigation efforts will be necessary

---

[4] Although academic, it is worth noting that an appeal of *Bradford*'s decision adopting the employer's approximation theory would advance the case whereas an appeal of the *Parker* decision that adopted the employee's position would not. *Parker v. Battle Creek Pizza, Inc.*, 600 F. Supp. 3d 809, 2022 U.S. Dist. LEXIS 76990 (W.D. Mich., Apr. 28, 2022); *Bradford v. Team Pizza, Inc.*, 568 F. Supp. 3d 877, 2021 U.S. Dist. LEXIS 200773, (S.D. Ohio, Oct. 19, 2021). This is because a successful appeal of *Bradford* would greatly reduce the discovery needed whereas the opposite would occur in *Parker*. This is all to say that case and context matter; the same issue decided one way may materially advance a case toward resolution whereas the other way may do the opposite.

regardless of the legal standard, so a stay of proceedings would delay, rather than expedite, the ultimate termination of the litigation. Defendants have successfully avoided discovery in this nearly four-year-old litigation long enough. Further delay would be highly prejudicial to the hundreds of minimum wage workers who have already been waiting years for their day in court.

**6. Conclusion**

Defendants have once again failed to meet the high threshold for interlocutory appeal under 28 U.S.C. § 1292(b). The Court's Order (Doc. 316) is a sound interpretation of the FLSA, in line with the only appellate authority on the issue, and does not present substantial ground for difference of opinion. An appeal and a stay would delay, rather than advance, this litigation's ultimate termination. As such, Plaintiffs respectfully request that the Court deny Defendants' Motion.

Respectfully submitted,

*/s/ Emily Hubbard*
Andrew R. Biller (*associated*)
Andrew P. Kimble (*associated*)
Emily A. Hubbard (*associated*)
Laura E. Farmwald (*associated*)
Biller & Kimble, LLC
8044 Montgomery Road, Suite 515
Cincinnati, OH 45236
Telephone: (513) 202-0710
Facsimile: (614) 340-4620
*abiller@billerkimble.com*
*akimble@billerkimble.com*
*ehubbard@billerkimble.com*
*lfarmwald@billerkimble.com*

Christopher Moody (Bar # 1850)
Moody & Stanford, P.C.
4169 Montgomery Blvd., NE
Albuquerque, NM 87109

505-944-0033 (Phone)
505-944-0034 (Fax)
*moody@nmlaborlaw.com*

*Counsel for Plaintiff and the putative class*

**Certificate of Service**

I HEREBY CERTIFY I filed the foregoing electronically through the CM/ECF system, which caused all counsel of record to be served by electronic means via email.

*/s/ Emily Hubbard*
Emily A. Hubbard