**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DEBORAH WEST,

Plaintiff,

v. No. 1:22-cv-00209-SMD-JMR

BAM! PIZZA MANAGEMENT, INC., et al.,

Defendants.

**ORDER GRANTING PLAINTIFFS' MOTION TO AMEND**

**THIS MATTER** is before the Court on Plaintiffs' Motion for Leave to File Second Amended Complaint. Doc. 308. Defendant responded on November 7, 2025 (Doc. 311) and Plaintiffs replied on December 5, 2025 (Doc. 313). Upon review of the relevant law and the parties' filings, the Court **GRANTS** the motion to amend and **LIFTS** the discovery stay.

**BACKGROUND**

The following statement of facts is abbreviated and includes only those facts relevant to this motion. More extensive summaries are available in the Court's prior orders.

On March 21, 2022, Plaintiffs filed a class action complaint on behalf of current and former delivery drivers who worked for Defendants. *See* Doc. 1. Plaintiffs alleged that Defendants' policy of requiring drivers to use their own vehicles to complete deliveries, without sufficient reimbursement, violated the Fair Labor Standards Act ("FLSA"), the New Mexico Minimum Wage Act, and unjustly enriched Defendants.

On July 26, 2023, Plaintiffs moved to amend the complaint. *See* Doc. 162. The proposed amended complaint sought to add state law claims for drivers in Texas and Colorado and a named representative to represent each state class. *Id.* at 1. Plaintiff Joseph Belka would represent the Colorado class and Lynne Balderson would represent the Texas class. Although Plaintiffs did not

include employees from outside of New Mexico in the original complaint, they stated that Defendants operated stores in Texas and Colorado as well as New Mexico. Doc. 1 ¶ 2. Judge Urias granted the motion on February 20, 2024 and Plaintiffs filed the amended complaint six days later. *See* Doc. 207; Doc. 208.

On October 11, 2024, Defendants filed a suggestion of death as to Lynne Balderson. Doc. 229. Balderson passed away on August 17, 2023, only a few weeks after Plaintiffs filed their first motion to amend. Plaintiffs attempted to salvage Balderson's claims through Rule 25 substitution. This Court determined that Plaintiffs could substitute Balderson's representative for the FLSA claims because she had opted in to the collective prior to her death, but that the same could not be said for her Texas state law claims. Doc. 288.

Plaintiffs now seek to amend their complaint a second time. The second amended complaint would: (1) add Nicholas Doyle and Troy Daniels as named plaintiffs; (2) add FLSA retaliation claims; and (3) identify employers currently referred to as "Doe Corporations." Doc. 308 at 3. Daniels would represent the class in the 29 U.S.C. § 216(b) retaliation claims. Doyle would represent the Texas state class in asserting an unjust enrichment claim. Defendants oppose amendment.

**LEGAL STANDARD**

Rule 15(a) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The rule instructs courts to "freely give leave when justice so requires." *Id.* Rule 15's generous standard "provide[s] the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982). The court may, however, exercise its discretion to deny leave to amend where there is "undue delay, bad faith, or dilatory

motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## DISCUSSION

Defendants marshal two overarching objections to amendment. First, that Plaintiffs acted with undue delay in filing their motion to amend. Second, that the proposed representatives' claims are futile.

### I. Plaintiffs Did Not Unduly Delay the Addition of Daniels and Doyle.

A court may deny leave to amend if the moving party acts with undue delay in seeking amendment. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). The Tenth Circuit "focuses primarily on the reasons for the delay." *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006). For instance, the moving party cannot delay amendment in an attempt "to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, to present theories seriatim in an effort to avoid dismissal, or to knowingly delay raising an issue until the eve of trial." *Id.* Courts have also denied leave "where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend" or "when the party . . . has no adequate explanation for the delay." *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987).

Defendants fault Plaintiffs for "not explain[ing] why they could not have moved to [amend] for the last ten months." Doc. 311 at 7. The Court finds Plaintiffs' rebuttal—that filing anything within the first six months of that period would have been imprudent—to be persuasive. Plaintiffs filed their motion to substitute Balderson on January 6, 2025. Doc. 245. Defendants point to the motion to substitute's representation that if the Court permitted substitution, Plaintiffs would add

named plaintiffs as evidence of delay. *Id.* at 2. But Plaintiffs never suggested that they would add new plaintiffs prior to the Court's ruling (nor should they have). And although the Court initially denied Plaintiffs' motion to substitute Balderson, Plaintiffs moved for reconsideration shortly after. Doc. 273. It would have been illogical for Plaintiffs to file a motion to amend without knowing whether, and to what extent, Balderson's estate would remain in the suit. *Abraham v. WPX Energy Prod., LLC*, 322 F.R.D. 592, 640 (D.N.M. 2017) ("[T]he rule 15(a) undue delay defense does not require the Plaintiffs to predict how a court will rule on a pending motion.").

The final decision regarding substitution was entered on June 20, 2025. The Court again denied substitution of Balderson's estate for her Texas state law claims, but allowed the FLSA claims to move forward. *See* Doc. 288. Plaintiffs submit that at this time they "began contacting other clients to see who would serve as an adequate class representative of the Texas class." Doc. 313 at 6. Around the same time, Daniels informed counsel that Defendants had denied him rehire at their stores in Aztec and Bloomfield, New Mexico. Doc. 308, Ex. 1 ¶¶ 153–58. He believed this decision was a retaliatory response to him joining the suit. Doc. 313 at 6. After gathering sufficient information and revising the complaint, Plaintiffs moved to amend on October 17, 2025. Doc. 308. The Court sees no misconduct in Plaintiffs' choice to reserve amendment until the question of substitution had been resolved and they had sufficiently investigated Daniels' claim. *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221–22 (D. Kan. 1995) ("The moving party has not unduly delayed in seeking leave when knowledge of the facts behind the new claim is gained only after recent discovery and then confirmed after a reasonable investigation.").

Defendants' remaining attempts to prove that delay was "undue" are accusations divorced from law. Defendants portray Plaintiffs' "late" filing of their amended complaint as "no surprise given Plaintiff's counsels' history of 'potentially making no effort to communicate with their

client.'" Doc. 311 at 7 n.1. They also blame Daniels for failing to promptly contact class counsel about the alleged retaliatory conduct. *Id.* at 6. And they ask how there could possibly be a company policy of refusing to hire delivery drivers who filed a consent to join form when there "are no other individuals identified" and Plaintiffs took "so long to identify a representative." *Id.* at 6–7. These rhetorical points do little to aid the Court's analysis. Defendants' impressions of Plaintiffs' counsel, their desire for putative class members to assert their rights more quickly, and their incredulity of the retaliation claims are qualms that have no bearing on whether there was undue delay. What the record does indicate is that Plaintiffs waited to file their motion until related issues were settled and a proper investigation had been conducted. The fact that discovery has yet to begin, and that Defendants will have equal time to defend against these claims as those already pled, further counsels in favor of granting leave. The Court finds Plaintiffs did not act with undue delay in seeking amendment.

II. <u>The Newly Added Claims Are Not Futile</u>.

"An amendment is futile if, as amended, it would be subject to dismissal." *Johnson v. Metro. Prop. & Cas. Ins. Co.*, 97 F.4th 1223, 1232 (10th Cir. 2024) (citation omitted). In applying this standard, the Court may review the complaint under Rule 12(b)(6) and determine whether it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1218 (10th Cir. 2022) (quoting *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019)).

Defendants aver that Doyle's claim for unjust enrichment is futile because it is barred by the Texas statute of limitations. Doc. 311 at 5. They argue that Daniels' claim is futile because it fails to plead sufficient facts to survive Rule 12(b)(6). *Id.* at 8. Defendants urge the Court to deny leave to amend for both claims. The Court declines to do so.

**A. Doyle's claim is not futile.**

Rule 15(c) tolls the statute of limitations for claims that relate back to the original pleading. *See* Fed. R. Civ. P. 15(c); *Graves v. General Ins. Corp.*, 412 F.2d 583, 584 (10th Cir. 1969). To ensure that defendants receive sufficient notice of the action against them, the claim must arise "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c). "[A]n amendment does not relate back 'when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth'" nor can the pleading "fault [the defendants] for conduct different from that identified in the original complaint." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013). This restriction abides "even if the new pleading shares some elements and some facts in common with the original claim." *Id.* (citation omitted).

Doyle's claim fits squarely within the relation-back doctrine. His asserted injuries replicate those already pled—that Defendants violated state and federal law in requiring delivery drivers to utilize their own vehicle and providing inadequate compensation. The Texas claim relies on the same central facts—the cost of vehicle expenses, the amount of reimbursement, and the benefit inured to Defendants—and the same legal theory asserted by the New Mexico class's unjust enrichment claim articulated in the original complaint—that this conduct unjustly enriched Defendants. Doc. 1 ¶¶ 194–95.

However, the Court's finding that Doyle's claim relates back to the original complaint is not conclusive. The Court must weigh the importance of deciding this claim on the merits against the potential prejudice to Defendants. *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) ("Rule 15 . . . was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result." (quoting *United States v. Hougham*, 364 U.S. 310, 316 (1960)).

Defendants do not argue that they will suffer prejudice if amendment is permitted. On the Court's independent review, it cannot discern any that would result. In reality, Doyle's addition to the complaint has negligible impact on the suit. Plaintiffs already gave Defendants' notice of the Texas class when they incorporated those claims into the complaint after Judge Urias granted their first motion for leave to amend. *See* Doc. 207. All Plaintiffs ask for now is to fill the vacancy Balderson's passing left.

Moreover, regardless of whether Doyle is included, the current named plaintiffs almost certainly have standing to assert the Texas class claims. As every circuit court to address the issue has concluded, whether a named plaintiff may represent out-of-state class members is "a question of predominance under Rule 23(b)(3), not a question of standing under Article III." *Langan v. Johnson & Johnson Consumer Cos.*, 897 F.3d 88, 96 (2d Cir. 2018); *In re Zantac (Ranitidine) Prods. Liab. Litig.*, 2022 WL 16729170, at *6 (11th Cir. Nov. 7, 2022) ("[A]ll circuits which have addressed whether a plaintiff can represent unnamed class members whose claims fall under different states' laws have concluded that it is a question that concerns Rule 12(b)(6) or Rule 23 - not Article III."); *see, e.g.*, *Bradford v. Team Pizza, Inc.*, 349 F.R.D. 534, 538 (S.D. Ohio 2025). The Court therefore concludes that amendment will not prejudice Defendants.

**B. Daniels' retaliation claim is not futile.**

The FLSA's anti-retaliation provision makes it unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under [the FLSA] . . ." 29 U.S.C. § 216(a)(3). "To establish a prima facie case of FLSA retaliation, a plaintiff must show that: (1) he or she engaged in activity protected by the FLSA; (2) he or she suffered adverse action by the employer subsequent to or contemporaneous with such employee activity; and (3) a causal connection

existed between the employee's activity and the employer's adverse action." *Conner v. Schnuck Markets, Inc.*, 121 F.3d 1390, 1394 (10th Cir. 1997).

Defendants' leading objection to Daniels' claim is that his stated facts do not give rise to "the plausible inference that there is a group of individuals similarly situated to the plaintiff." Doc. 311 at 8 (citing *Simmons v. Isle of Capri Black Hawk LLC*, No. 1:19-cv-00967, 2021 WL 5513744, at *8 (D. Colo. Feb. 23, 2021)). Defendants' focus on establishing a collective is premature—and its cited cases show why. The plaintiff in *Simmons* asserted, inter alia, that his employer used a rounding policy that "deprive[d] their hourly employees of overtime compensation for time they actually worked." *Simmons*, 2021 WL 5513744, at *8. The court denied leave to amend on the premise that plaintiff had failed to "create the plausible inference that the putative collective members were subject to unwritten policies that ensured their hours were rounded to their detriment." *Id.* *Simmons* did not grant dismissal on account of an insufficient number of prospective plaintiffs, but on lack of a uniform policy. Thus, *Simmons*' only relevant finding is that a complaint seeking relief under § 216(b) of the FLSA is susceptible to dismissal if it does not establish a collective-wide policy or practice; it did not conclude that a plaintiff must prove the existence of other prospective plaintiffs to proceed.

Defendants' later critique that "Plaintiff does not name a single co-worker who shares his concerns" and therefore cannot establish a collective is likewise misplaced. Doc. 311 at 9. The two cases Defendants cite for this proposition reviewed motions for conditional certification. Neither of them considered, much less granted, a motion to dismiss. Doc. 311 at 8 (first citing *Blancarte v. Provider Plus, Inc.*, No. 11-2567, 2012 WL 4442642, at *4 (D. Kan. Sept. 26, 2012) ("Plaintiff's conclusory and general allegations . . . fall short of the mark required for conditional certification."); and then citing *Stubbs v. McDonald's Corp.*, 227 F.R.D. 661, 666 (D. Kan. 2004)

("The court finds that plaintiff has failed to meet his burden to prove that he and his putative class are similarly situated[.]")). The Court will not impose the standard for collective certification at the Rule 12(b)(6) stage. *Cf. Reab v. Elec. Arts, Inc.*, 214 F.R.D. 623, 629 (D. Colo. 2002) ("At [the conditional certification] stage of the proceedings, the number of persons who wish to join the action is not a factor I consider in determining whether to grant Plaintiffs' motion to certify.").

The Court finds that Doyle's presented facts meet Rule 12(b)(6)'s pleading requirement. Daniels puts forth that after voluntarily terminating his employment with Defendants in April of 2024, he applied for a delivery driver position at their Bloomfield, New Mexico location. Doc. 313, Ex. A ¶¶ 5–6. He interviewed for the position on September 25, 2024. After about a week, he reached out to a hiring manager who informed him that the hiring process could not move forward until she received approval from the District Manager, Max Taylor. *Id.* ¶ 7. Daniels then contacted Taylor directly. Taylor told Daniels that he "was listed as being in good standing and eligible for rehire in the company's database and informed [him] that [Taylor] would look into whether they could move forward with rehiring [Daniels]." *Id.* ¶ 8. Then, on October 7, 2024, Daniels emailed a senior human resource administrator at Bam! Pizza to ask about his rehire status. She responded that "[h]e is not eligible for rehire" because he is "on a certain list that cannot be overwritten per Matt." Doc. 313, Ex. 2. When Daniels ran into Taylor later that fall, he asked whether Taylor had any information about what happened with his rehire. Taylor inquired into whether Daniels had joined the present suit and, when Daniels said yes, he "informed [him] that that's why [he] was not eligible for rehire." *Id.* ¶ 12.

Defendants deny this version of events. They insist that Daniels "was not rehired because he violated BAM's policies during his employment and was ineligible for rehire." Doc. 311 at 9. The Court has no authority to entertain this contention under Rule 12(b)(6)'s standard. It is

elemental that the Court "construes the facts, and the reasonable inferences that might be drawn from them, in favor of the plaintiff." *Beard v. City Northglenn, Colo.*, 24 F.3d 110, 115 (10th Cir. 1994). Plaintiffs articulate specific, plausible facts that support a retaliation claim. There is no dispute that Daniels has engaged in a protected activity (joining this suit), that he was not rehired (an adverse employment action), or that he was placed on a "certain list" (suggesting potential causation). The Court therefore permits Plaintiffs to amend their complaint to include the FLSA retaliation claim.

III. Plaintiffs May Add Named Defendants Previously Designated as John Doe Corporations.

A. Leave to Amend for the Addition of New Defendants is Appropriate Under Rule 15(a**).**

Plaintiffs seek to identify entities that "are 'employers' of plaintiffs" and substitute them for entities "which were previously identified as 'Doe Corporations.'" Doc. 308 at 5. Plaintiffs originally named Biran Bailey, BAM! Pizza Management, and Doe Corporations 1–10 as defendants. Doc. 208 ¶¶ 24–57. They explained that the Doe Corporations stood in for "additional individuals who also qualify as 'employers'" and anticipated that the identities of these individuals would be revealed during discovery. *Id.* ¶¶ 55–57. Plaintiffs now ask for leave to add BAM! Pizza LLC, Team Bailey LLC, and Pecos Valley Pizza, Inc., as defendants. *See* Doc. 308, Ex. 1 ¶¶ 52–80.

Defendants oppose this amendment. They assert that Plaintiffs "knew about the Proposed Defendants' existence and potential role in this litigation for years" and enumerate three events to bolster this contention:

(1) Plaintiff Deborah West's consent to join the action named Pecos Valley Pizza as a defendant. *See* Doc. 6 at 3.

(2) During Plaintiff West's Deposition, Defendants introduced an acknowledgment form signed by West that "identified 'Team Bailey' at the top . . . just under 'BAM! Pizza Management, Inc.'"

(3) Defendants' introduction in 2022 of other documents referring to Team Bailey and Pecos Valley Pizza.

*Id.* Plaintiffs rebut that these clues were insufficient to inform them of the entities' roles, if any, in the alleged conduct. Doc. 313 at 8. They emphasize that though amendment may appear delayed on paper, it is largely the consequence of the discovery stay which has been in place for three years. *See* Doc. 174. Plaintiffs elaborate that they "cannot be expected to understand with precision the inner-workings" of Defendants' corporate structure. *Id.* Sans discovery, Plaintiffs unveiled the prospective defendants' identities through "their own diligence and investigation." *Id.*

The Court finds that Plaintiffs did not unduly delay their addition of BAM! Pizza LLC, Team Bailey LLC, and Pecos Valley Pizza, Inc. This case has been pending for four and a half years, but age is just a number. The reality is that it remains in its procedural infancy. Courts do not expect plaintiffs to independently identify John Doe corporate defendants, as a corporation's anatomy is often inscrutable to outsiders. *See, e.g.*, *United States v. Applied Memetics, LLC*, 758 F. Supp. 3d 281, 315 (D. Vt. 2024) ("Without discovery, the corporate relationship among the three Defendants remains unclear, as [plaintiff] is not privy to their corporate structure."). Plaintiffs' efforts to disentangle Defendants' operations without the benefits of the discovery evinces tenacity, not idleness. *Green v. Doe*, 260 F. App'x 717, 719 (5th Cir. 2007) ("To deny Green the opportunity to amend his complaint where he has diligently sought to discover the identity of 'John Doe' would be tantamount to eliminating the use of a 'John Doe' in bringing any suit. The only reason to sue a 'John Doe' is to conduct discovery backed by the authority of the court."). The facts that Defendants highlight as tipping-off Plaintiffs are unpersuasive. Seeing a name on a document is not the same as understanding whether that name refers to a legal entity. The situation would be

different if Plaintiffs had seen those names during discovery, but failed to follow-up and ask for more information. That course of action has been impossible for three years. The Court therefore finds that Plaintiffs did not act with undue delay.

Lastly, amendment will not prejudice the prospective defendants. They sit in the same position as the already named defendants; they will have an identical opportunity to depose witnesses, file discovery requests, and raise whatever other defenses they see fit. The Court therefore finds that amendment is warranted under Rule 15(a).

B. Claims Against BAM! Pizza LLC, Team Bailey LLC, and Pecos Valley Pizza, Inc Will Not Relate Back to the Prior Complaint.

The parties do not address Rule 15(c)—which permits the substitution of parties for time-barred claims if the Plaintiff can show that they relate back to the underlying complaint—the Court nevertheless analyzes the Rule's application to the current suit because it encompasses claims that fall outside of their applicable statute of limitations.[1] Rule 15(c)(1)(C) allows plaintiffs to change the party against whom a claim is asserted, and relate that claim back to the original pleading, if (1) the claim arises out of the same transaction or conduct, (2) the absent party received sufficient notice within the Rule 4(m) period for sending a summons and complaint, and (3) the party knew or should have known that "the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).

The Court determines that, presuming Plaintiffs could meet the first and second elements, relation back is unavailable for the Doe defendants. In *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004), the Tenth Circuit held that "as a matter of law, a plaintiff's lack of knowledge of the

[1] The filing of a class action complaint tolls the statute of limitations for all putative class members. *American Pipe Construction Co. v. Utah*, 414 U.S. 538, 551 (1974). It does not, however, toll the statute of limitations for FLSA opt-in plaintiffs. 29 U.S.C. § 256(b). The FLSA uses a two-year statute of limitations (three years if the violation is willful) and this suit was filed on March 31, 2022. Claims that fall outside of the 2-3 year window would be time-barred.

intended defendant's identity is not a 'mistake concerning the identity of the proper party' within the meaning of Rule [15(c)(1)(C)]." Plaintiffs within the Tenth Circuit were accordingly prohibited from "rely[ing] on the relation back doctrine to substitute a named party for a Doe defendant named in the original complaint." *Butchard v. Cnty. of Dona Ana*, 287 F.R.D. 666, 671 (D.N.M. 2012).

However, six years later, the Supreme Court clarified that a plaintiff's knowledge is "the wrong starting point." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 548 (2010). "Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original complaint." *Id.* (emphasis in original). Courts must instead ask "what the prospective defendant reasonably should have understood about the plaintiff's intent in filing the original complaint against the first defendant." *Id.* at 554.

*Garrett's* instruction to deny relation back if a plaintiff claims they made a mistake based on a lack of knowledge stands in considerable tension with *Krupski*'s declaration that a plaintiff's knowledge is immaterial under Rule 15(c)(1)(C)(ii). The Tenth Circuit has not revisited the question of whether the Doe-defendant exclusion survives *Krupski* but multiple appellate courts have found it does. The Second Circuit distinguished *Krupski* as follows:

> In *Krupski* the plaintiff had made an actual mistake because she "misunderstood crucial facts regarding the two companies' identities" and sought to replace one party with another. *Krupski*, 560 U.S. at 555. She was not a "John Doe" litigant who did not know whom to name as a defendant; she made a mistake as to which of two parties to sue—parties whose identities she knew—because of her factual misunderstanding of the roles each played in the underlying events. In other words . . . she was not replacing a John Doe placeholder with a party because she was initially unaware of the defendant's true identity. Thus *Krupski* neither abrogated nor reconfigured *Barrow*'s holding that an amendment to replace a John Doe defendant is made "not to correct a mistake but to correct a lack of knowledge" and is therefore not a mistake under Rule 15(c)(1)(C).

*Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019); *see also Herrera v. Cleveland*, 8 F.4th 493, 498–99 (7th Cir. 2021) ("[W]e hold that naming a John Doe defendant does not constitute a 'mistake' within the meaning of Rule 15(c)(1)(C)(ii)."); *Heglund v. Aitkin Cnty*., 871 F.3d 572, 579 (8th Cir. 2017) (same); *Winzer v. Kaufman Cnty.,* 916 F.3 464, 471 (5th Cir. 2019); *Coleman v. Hamilton Cnty. Bd. of Cnty. Comm'rs*, 130 F.4th 593, 605 (6th Cir. 2025).

Still, courts within this district have expressed uncertainty over *Krupski*'s effect on *Garrett*. *Contrast Butchard*, 287 F.R.D. at 671 (finding that *Garrett* still controls), *with Pacheco v. New Mexico Corr. Dep't*, No. 1:24-CV-01050, 2025 WL 3171497, at *4 (D.N.M. Nov. 13, 2025) ("This Court agrees with the Third Circuit and the district courts within the Tenth Circuit that relation back is permissible in the case of John Doe substitutions."), *and Gutierrez v. Doe*, No. 2:25-CV-00290, 2025 WL 2689830, at *4 (D.N.M. Sept. 19, 2025) (deferring ruling and finding that "the issue of relation back is better answered at the summary judgment stage.").

The Court finds that *Garrett* remains good law. Absent an explicit reversal from the Tenth Circuit or Supreme Court, and in light of multiple appellate courts' determination that *Krupski* can coexist with the Doe-defendant exclusion, this Court will not apply a different standard. In accordance with this principle, Plaintiffs may only assert claims against Pecos Pizza, BAM! Pizza LLC and Team Bailey that are not time-barred.

The Court therefore grants Plaintiffs' request to add the three new defendants. Plaintiffs must limit their claims to those that fall within the statute of limitations. *Crown, Cork & Seal Co. v. Parker,* 462 U.S. 345, 352–54 (1983). The Court further notes that claims not covered by *American Pipe* have been tolled since October 17, 2025, when Plaintiffs filed their motion to amend. *See Moore v. State of Ind.*, 999 F.2d 1125, 1131 (7th Cir. 1993) (holding that "the submission of a motion for leave to amend, properly accompanied by the proposed amended

complaint that provides notice of the substance of those amendments, tolls the statute of limitations even though technically the amended complaint will not be filed until the court rules on the motion."); *May v. Segovia*, 929 F.3d 1223, 1232 (10th Cir. 2019) (collecting cases).

IV. The Court Lifts the Discovery Stay.

Lastly, the Court lifts the discovery stay that has been in place for over 3 years. See Doc. 174. Magistrate Judge Rozzoni granted the stay on account of anticipated motions that would alter the scope of discovery depending on their disposition. *See* Doc. 323, Ex. 1 at 19 ("The district court's order . . . governs discovery, dictates what evidence must be developed, and controls how disputes will be resolved."). Specifically, stay was appropriate pending a ruling on the parties' cross motions for summary judgment regarding vehicle expenses (Doc. 264; Doc. 265) and Defendants' motion for summary judgment on vehicle reimbursements under the New Mexico Minimum Wage Act (NMMWA) (Doc. 273). *Id.* at 2. The Court has decided all three motions and they have been litigated to their fullest extent. *See* Order Denying Defendants' Motion to Dismiss NMMWA claims, Doc. 299; Defendants' Motion for Interlocutory Appeal, Doc. 300; Order Denying Motion for Interlocutory Appeal, Doc. 305; Order on Cross Motions for Summary Judgment, Doc. 316; Defendants' Motion for Interlocutory Appeal, Doc. 317; Order Denying Motion for Interlocutory Appeal, Doc. 321; Defendants' Notice of Filing of Writ of Mandamus with the Tenth Circuit, Doc. 323; Order of U.S. Court of Appeals Denying Petitioner's Writ of Mandamus, Doc. 326.

With these motions resolved, and with the grant of Plaintiffs' motion to amend, the stay only serves to stunt the case's development. The Court therefore **LIFTS** the discovery stay (Doc. 174).

## CONCLUSION

The Court therefore **GRANTS** Plaintiffs' motion for leave to amend (Doc. 308) as set forth below:

1) Plaintiffs may amend the complaint to add Nicholas Doyle and Troy Daniels as named plaintiffs;

2) Plaintiffs may add an FLSA retaliation claim to the complaint.

3) Plaintiffs may add defendants previously identified as "Doe Corporations" under Rule 15(a).

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**